## LILLIE B. TITUS *vs.* CITY OF BOSTON & others.

Suffolk.    December 8, 1893. — March 29, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Sewer — Eminent Domain — Absolute Fee — Damages for Increased Flow of Sewage.*

The power given by St. 1885, c. 249, § 1, to the board of aldermen, to " take in fee for the city of Boston any land that they may deem necessary for " " the purposes of building and maintaining the system of sewers of said city, and discharging sewage therefrom," being a power to take the title in fee simple absolute to the land, a bill in equity cannot be maintained by a person a part of whose land was so taken to restrain the city of Boston and the Metropolitan Sewerage Commission from the performance of a contract by which the city agreed to take into its sewer constructed through the land taken from the plaintiff the sewage of other cities and towns connected with the Metropolitan Sewerage system, on the ground of a supposed possibility of reverter in the plaintiff in the land taken from him by the city, or on the further ground that his remaining land will be seriously injured by the proposed increased use of the city's sewer.

BILL IN EQUITY against the city of Boston and against Hosea Kingman, Tilly Haynes, and Harvey N. Collison, constituting the Board of Metropolitan Sewerage Commissioners, to restrain them from the performance of a contract by which the sewage of various cities and towns connected with the Metropolitan Sewerage system was to be discharged through the sewer of the defendant city, which was constructed through land taken from the plaintiff.

The bill alleged, in substance, that the plaintiff was, on November 5, 1889, the owner of land in Quincy in that part called Squantum, and known as Squantum Head, Moon Island, and Little Moon Island; that on or about that date the city of Boston, acting by its board of aldermen, under the authority of St. 1885, c. 249, took a portion of the land of the plaintiff for the building and maintenance of a system of sewers for the city and for the discharge of sewage therefrom; that thereafter the plaintiff filed a petition for the assessment of her damages caused by the taking, which petition is now pending in the Superior Court; that the defendant city entered upon the premises of the plaintiff and constructed various sewers,

reservoirs, and other structures necessary and proper for the purpose of maintaining its system of sewers, and for discharging therefrom the sewage of the city of Boston alone ; that the city of Boston had no right, by the terms of the taking or by virtue of the statute authorizing the taking, to use or permit the use of the sewers for the discharge of the sewage of any other town or city than the city of Boston, or to contract with any person, corporation, or officials for the use of the sewers for any other purpose than the discharge of sewage of the city of Boston alone ; that on April 27, 1892, the defendant city made a contract with the other defendants, constituting the Board of Metropolitan Sewerage Commissioners, by which the city undertook and agreed to take into its sewers which were laid through the land taken from the plaintiff, and to discharge therefrom at its Moon Island outlet, all the sewage caused by the commissioners to be discharged therein ; that the Metropolitan Sewerage Commissioners have constructed a system of sewers for the disposal of the sewage of the cities of Waltham and Newton and the towns of Watertown and Brookline, and of other towns, all of which sewers the commissioners propose to connect with the sewers of the city of Boston, as provided in their contract, in such manner that the entire sewage of those cities and towns shall be discharged through the sewers laid through the land taken from the plaintiff ; that the contract and the proposed action of the defendants are unauthorized by law, and by the taking of the land by the city of Boston, and that it will cause serious and irreparable injury to the plaintiff and to the remaining lands owned by her; and that no compensation has been paid or tendered to the plaintiff by the defendants for such use of her land, nor does she have any adequate remedy at law to obtain compensation for the damages caused by the proposed illegal acts.

The prayer of the bill was that the defendants might be enjoined from the performance of the contract, and from the use of the sewers and the outlet to Moon Island, and of any part of the land taken from the plaintiff, for the discharge of any sewage except that coming from the city of Boston alone.

The city of Boston filed an answer, and the Board of Metropolitan Sewerage Commissioners demurred for want of equity.

Hearing before *Allen*, J., who sustained the demurrer, and ordered the bill to be dismissed; and the plaintiff appealed to this court.

*R. M. Morse*, for the plaintiff.

*A. J. Bailey & W. D. Turner*, for the defendants.

HOLMES, J.    The power given by St. 1885, c. 249, § 1, to the board of aldermen, to " take in fee for the city of Boston any land that they may deem necessary for " " the purposes of building and maintaining the system of sewers of said city, and discharging sewage therefrom," is a power to take the title in fee simple absolute to the land. *Page* v. *O'Toole*, 144 Mass. 303. *Dingley* v. *Boston*, 100 Mass. 544, 554. It follows that the plaintiff cannot maintain her bill on the ground of her supposed possibility of reverter in the lands taken by the city for a sewer. See further *Chandler* v. *Jamaica Pond Aqueduct*, 125 Mass. 544, 547.

The plaintiff claims relief on the further ground that her remaining land will be seriously injured by the proposed use of the city's sewer. It is true that, under the contract between the city and the Commonwealth, more sewage naturally will be discharged than would be if the city should use its sewer for its own sewage alone. But while the contract is authorized by St. 1889, c. 439, § 4, it is assumed by the plaintiff that no provision is made in that statute for compensation to her for damage which her remaining land may suffer from the increase in the discharge. We make the same assumption, without deciding the point or expressing an opinion upon it. It might be possible to read the words of § 4, that the Commonwealth " shall pay . . . all damages that shall be sustained by any person or corporation by reason of such taking or entering as aforesaid," as referring to any taking or entering authorized by the section, and also to say that the statute did not require a description to be filed of the plaintiff's remaining land affected by the entering. *Taft* v. *Commonwealth*, 158 Mass. 526, 547.

But granting so much to the plaintiff, we still are of opinion that the bill shows no ground for relief. The act of 1885, when it authorized land to be taken for a system of sewers in the language quoted at the beginning of this decision, authorized the building and use of the sewers. It is true that the only

damages provided for are those "sustained by any person in property by the taking of any lands as aforesaid," and that this does not include damage to adjoining lands by the use of the sewers, except so far as that caused by increased proximity may be allowed in estimating the damages for taking land, on the principle of *Walker* v. *Old Colony & Newport Railway*, 103 Mass. 10, and *Taft* v. *Commonwealth*, 158 Mass. 526, 548, 549. But within bounds a statute may authorize what but for it would be a nuisance, and it does not appear that this statute goes beyond the bounds. *Taft* v. *Commonwealth, ubi supra. Sawyer* v. *Davis*, 136 Mass. 239. The only question is what kind of a sewer and what extent of use are authorized by the act of 1885. It was as plain then as now that the city might grow, and that it might take in new territory. We cannot think that the extent of the use permitted was intended to vary with the accident of municipal limits. The sensible view seems to us to be that the city is granted the right to make and use any drain which is natural to the configuration of the ground. It does not appear that the intended use of the sewer is beyond the scope of the act of 1885, so construed.

We decide nothing as to what the plaintiff's rights would be in case it should turn out hereafter that the use of the sewer destroys the whole value of the plaintiff's remaining land.

*Bill dismissed.*