STATE ex rel. J. L. SAYERS, Appellant, v. SCHOOL
DISTRICT No. 1 et al., Respondents.

**St. Louis Court of Appeals, February 21, 1899.**

Condemnation Proceedings: BOARD OF DIRECTORS: SCHOOL DIS-
TRICT: MANDAMUS.　A condemnation proceeding being a special
statutory grant of power to the board of directors of the school dis-
trict, must be strictly pursued in order to bind the body represented.
In the case at bar, the writ fails to show any authority by vote of the
district for the action of the directors in instituting the proceedings
to condemn; it further shows affirmatively that the relator was not the
owner at the time such proceedings began, but had a bare possibility
of a reverter dependent upon the future conduct of the beneficial
owners of the land, over whose action he had no control whatever.
Held, that the prerequisites of an estoppel are totally absent in this
record.

*Appeal from the Greene Circuit Court.*—HON. JAMES T.
NEVILLE, Judge.

AFFIRMED.

MASSEY & TATLOW for appellant.

The alternative writ is legally sufficient and states a
good cause of action. Acts 1891, p. 204, amending sec. 8001,
R. S. 1889; see, also, secs. 2734-2738 inclusive, R. S. 1889,
chap. 42, art. 6; Deitrichs v. Railway, 10 Am. and Eng.
R. R. Cases, 119; Railway v. Hays, 10 Am. and Eng. R. R.
Cases, 217; Gerard v. Railway, 10 Am. and Eng.
R. R. Cases, 506.　If no objections are made by either party
to the award, a compliance with the requirements of section
2736 completes the condemnation. Railway v. Clark, 119
Mo. 364; Snyder v. Cowan, 120 Mo. 389.　In Colorado,

under a statute similar to ours, the court ruled that "When commissioners have filed with the clerk their certificate of ascertainment and assessment there is such a final determination as under the statutes entitles either party to an appeal or writ of error, and no technical entry of judgment is contemplated by the statute. Railroad v. Yackron, 10 Am. and Eng. R. R. Cases (Col. Sup. Ct.) 497; see, also, Wilkerson v. Buchanan Co., 12 Mo. 328; St. Francois Co. v. Marks, 14 Mo. 339.

BOND, J.—The alternative writ of mandamus in this case is as follows:

"Whereas it has been represented to the undersigned judge of the circuit court, of said county of Greene, in vacation, that School District No. 1, township 28, of range 20, is a school district, duly incorporated under the laws of this state, and that J. E. Dennis, S. W. Ramsey and William Dillard are now its duly qualified directors, and that on, and long before the 20th of April, 1894, the relator Jno. L. Sayers was the owner of the following real estate, to wit; beginning at the northeast corner of the northwest quarter, of the southwest quarter, of section 11, township 28, range 20, situated in said school district, thence west 70 yards, thence south 70 yards, thence east 70 yards, thence north 70 yards, to the beginning, containing one acre of land more or less; that is to say on or about the 17th day of October, 1873, the relator conveyed said described acre of land to Henry D. Potter and John Sayers directors of School District No. 1, of school township No. 20, in Greene county, Mo. (of which said school district, the defendant district claims to be successor, but whether it is or not plaintiff has no knowledge or information sufficient to form a belief), and to Robert Beattie, R. H. Coward, Jno. W. Smith and Robert Dillard, elders of Pleasant Divide Cumberland Presbyterian church (a religious sect and association then existing and still existing

in that vicinity and neighborhood), to be used in common for such school and church purposes with a provision and condition that whenever said land should cease to be used for said purposes for the period of seven years, then the same to revert and reinvest in this relator.

"And plaintiff states that four years and more ago, said church or religious sect ceased to use said land for the purpose aforesaid, and built and erected a church edifice off, and away from said land, and since that period no longer uses the same, but does regularly use its other edifice, and has since the period aforesaid, wholly abandoned said acre of land, and at the end of the period of seven years after such abandonment the relator under and by virtue of the provisions and conditions of said deed will be entitled to the possession of the said one acre of land.

"Plaintiff further states that prior to the date aforesaid, to wit, April 20th, 1894, said school district and its officers well knew the premises aforesaid, and well knew that at the end of seven years the relator would have the legal right to repossess himself of said acre of land, and said district desiring and intending to erect a school building for the school purposes of said district, and well knowing that its right to the use of said acre of land was jointly and in common with said church organization that it could not therefore impose taxes for the purpose of erecting and maintaining school buildings thereon, without first divesting this relator of his ownership thereof aforesaid; it, said district, did in the way and manner provided by law that it might do, select said acre of land at its regular meeting for a school house site, and said district, being unable to agree with relator as to the just compensation, relator ought to be paid for his interest aforesaid in said land, its directors did as required by law that they shall do cause suit to be brought in the name of their said district (defendant herein) by filing the petition of defendant district, in the circuit court of Greene county, on

the 20th of April, 1894, against relator under the statutes of this state designating this relator as the owner of said acre of land, and praying that it be condemned and appropriated to said defendant district's use for school site and purposes aforesaid, and asking for the appointment of commissioners to award and assess relator's damages that might accrue to him by reason of the appropriation of said land for the aforesaid purpose, and caused relator to be summoned and notified to appear in said court, and defend in said suit, which relator was required, and did so do at great cost and expense.

"And said parties, said district as plaintiff and this relator as defendant therein, did in May, 1894, appear in said circuit court of Greene county, at its May term as required by said summons and notice when and where said court, after due consideration of said petition and proceedings at the request of said district, did then and there appoint three disinterested freeholders and residents of said school district, as commissioners to assess the damages, which relator might sustain by reason of the condemnation and appropriation of said one acre of land and to award the just compensation to which relator is entitled therefor, which said commissioners afterwards on the 11th day of July, 1894, did after being duly sworn and qualified, view and examine said property and premises, and did under their oath report to the clerk of said court, that relator by reason of the location of said site and the appropriation of said acre of land was and is damaged in the sum of two hundred dollars, and did in their return assess relator's damages in that sum under their oaths as aforesaid, which report was thereafter during said term of said court, to wit on the 13th of July, 1894, duly returned to the clerk of said court and by him duly filed as required by law, to which report of said commissioners, no objections or exceptions were made or filed by any party within ten days after the filing and notice of the filing thereof; nor have any exceptions or objections to said report ever yet been

made by defendant district, or by any person for it, nor did the defendant district, within ten days after the filing of said report of said commissioners elect to abandon said appropriation by filing any instrument of writing to that effect, as under the law it had a right to do within ten days aforesaid, nor has defendant district, at any time or in any way ever elected to abandon said appropriation, but on the contrary did after the filing of said report take possesion of said acre of land by consent of relator (who after the commencement of said condemnation proceedings had repossessed himself of the same), and still holds and uses the same for the school site and purpose of the said school district.

"Plaintiff says that by virtue of the premises and said condemnation proceedings defendant school district is concluded and bound and became conclusively indebted to relator in the sum of two hundred dollars, but defendant district has wholly failed to pay relator or cause any steps to be taken to raise money for such purposes, and furthermore it failed to deposit said sum with said clerk for relator, when said condemnation suit was determined, although when said report of said commissioners was duly filed as aforesaid, and was not excepted to as aforesaid, nor said appropriation abandoned as aforesaid, it, said district, became and is conclusively bound to pay relator said award, yet it will not do so, nor take any action whatever toward raising money by taxation or otherwise for that purpose, nor will defendant's said directors make any estimate for a tax upon the taxable property of said district, to the end that a tax may be levied and collected for said purpose, although the time when it was their duty to do so has passed, still they have not done so, and declare they never will.   And it is further represented by plaintiff in the petition that said school district, of which you are directors has no property out of which said award can be made or realized, and that it has no money in its treasury or elsewhere applicable to the payment of the same,

and relator has therefore no adequate remedy at law to enforce such payment of such award, and plaintiff prays for a writ of mandamus compelling you directors to make proper estimates upon the taxable property of said district, and forward the same to the clerk of the county court of Greene county, to the end that a sufficient tax may be levied upon the taxable property of said district, to pay said award with interest and costs, and plaintiff prays for all proper relief. We, therefore, being willing that speedy justice be done to relator in this behalf command you, and each of you directors aforesaid, to at the nearest possible time after the receipt of this writ and without further excuse or delay make estimate · for a tax levy upon the taxable property of your said district, sufficient to pay said award of two hundred dollars, together with interest and relator's costs and forward the same to the county clerk of said county, or show why you should not do so, to our circuit court, aforesaid on the 13th day of May, 1895. · Hereof fail not at your peril."

Defendant filed the following motion to quash the above writ, to wit:

"1st.    Because said suit was prematurely began, in this that when said suit was instituted the time had not yet arrived when said defendant directors may, can, or could, under the statutes, make an estimate for the assessment of a tax upon the taxable property of said districts, for the purpose of said writ or for any other purpose.

"2d.    Because the allegations in said writ respecting the supposed selection of the land in question, for a school house site by defendant district, is not a statement, but a statement of a conclusion of law.

"3d.    Because it does not appear by said writ that the condemnation proceedings mentioned therein were instituted with proper authority, or that the directors of said district, had any legal right to cause the same to be instituted at the time they were begun.

"4th.   Because said writ does not state facts sufficient to constitute a cause of action," which motion was sustained, and relator refusing to plead further, the court rendered judgment denying the peremptory writ and dismissing the suit.   Relator appealed.

The alternative writ states no cause of action.   According to its allegations, the relator parted with title to the land on October 17, 1873, by deed for the joint use of the Presbyterian church and school district No. 1, township 20, in Greene county, Missouri, with a provision for a reverter upon the lapse of joint user by the church and district for a period of seven years.   It further alleges that after four years of cessation of said joint use of the property the officers of the school apprehending a reverter, if such cessation of joint use should continue for three years in the future, instituted a proceeding to condemn the property for a school site designating relator as owner; that such proceeding culminated in an assessment of $200 as his damages, which the school district refused to pay him, or to deposit with the clerk, but with his consent took possession of the property and still continued to use it for school purposes, wherefore the writ alleges an estoppel on the part of the school district to question relator's claim to the amount assessed, it not having excepted to the report thereof, nor abandoned the appropriation of the land.   The statutes governing condemnation of property for school sites condition the right to begin the proceeding upon a vote of "a majority of the qualified voters and taxpayers of the school district, at any annual or special meeting" and also upon the failure to agree with the "owner" of the proposed site "as to the price to be paid him," and provide for the acquisition of title to the lot by payment of the appraisement.   Sess. Acts 1891, p. 204, amending 8001, R. S. 1889, also R. S. 1889, sec. 7979 sub. secs. 10 and 11;  Seibert v. Botts, 7 Mo. 430.   A condemnation proceeding being a special statutory grant of

power of the board of directors of the school district, must be strictly pursued in order to bind the body represented. In the case at bar the writ fails to show any authority by vote of the district for the action of the directors in instituting the proceedings to condemn. It further shows affirmatively that the relator was not the owner at the time such proceedings began. It could not, therefore, have resulted in the devolution of title to the property upon the school district, which is the object intended by the statute. It follows that the taxpayers of the school district are not bound to pay the damages awarded in a proceeding which their agents, the board of school directors, had no power to institute. The relator in this case is no more entitled, on account of the mistaken designation of him as owner, to compel the district to pay him the price of land, than any other stranger to the title would be, who might have been erroneously made a party to the proceeding, for the relator at the time of such proceeding had no title whatever to the land sought to be condemned, but a bare possibility of a reverter dependent upon the future conduct of the beneficial owners of the land, over whose action he had no control whatever. Neither is there the slightest ground of an estoppel in favor of relator by the action of the board of directors of the school district in ESTOPPEL.    instituting the condemnation suit. As his title had not then accrued, it could not have been injuriously affected by that proceeding. Under the terms of his grant of the land the reverter could only take place upon the future abandonment by the grantees of the joint use of the property. It could not be affected by the institution of a suit to condemn his title prior to the happening of the contingency upon which it hinged. He had nothing to give, but might have gotten $200 for nothing, in the condemnation suit if the award therein had been paid to him. The fundamental prerequisite of an estoppel is the prevention of injury

to one from his reliance upon the action of another. It is totally absent in this record. The judgment is affirmed. All concur. Judge Biggs in the result.