THE COUNTY OF NEW HAVEN *vs.* THE PARISH OF TRINITY CHURCH ET ALS.

Third Judicial District, New Haven, June Term, 1909.

BALDWIN, C. J., HALL, PRENTICE, THAYER AND RORABACK, Js.

Where the literal fulfillment of the condition upon which a pecuniary legacy is given is rendered impossible, after the testator's death, by act of law, the right of the legatee to receive and retain the legacy is not affected.

In the present case a legacy of $12,000 was given to a church "for use in building a Sunday-school room and for such other improvements as may be needed" on certain land which the testatrix had also given to the church. Pending the settlement of the estate the land was taken for public use by condemnation proceedings. *Held* that the inability of the church, from this cause, to strictly perform the conditions of the gift (if they were such) by expending the money in precisely the manner stated in the will, did not relieve the executors from the duty of paying the legacy, nor furnish ground for a claim of forfeiture or breach of trust after its payment. Under such circumstances the law will treat the amount awarded as damages, on the condemnation proceedings, as standing in the place and stead of the land so taken.

A plaintiff in condemnation proceedings cannot be required to pay more than the market value of the property.

Interest on the amount awarded will run from the date on which the committee's report is filed.

Whether a committee appointed to assess damages for land taken by a county under General Statutes, § 4107, ought not to report one unconditional assessment of a certain amount, instead of two conditional assessments of different sums, *quære*.

Argued June 10th—decided July 20th, 1909.

CONDEMNATION PROCEEDINGS for land for the site of a county court-house, brought before the *Hon. Edwin B. Gager*, a judge of the Superior Court, and reserved by him, upon the facts stated in the report of the committee, for the advice of this court. *Superior Court advised to accept report of committee awarding* $58,000 *to Trinity Church.*

*John K. Beach*, for the County of New Haven.

*A. Heaton Robertson*, for the Parish of Trinity Church.

*Burton Mansfield* and *James E. Wheeler*, for the estate of Lucy H. Boardman.

*George E. Beers*, for residuary legatees under Mrs. Boardman's will.

HALL, J. Upon the complaint of the county of New Haven, brought under §§ 4105, 4106 and 4107 of the General Statutes, alleging that said county had voted to take certain described premises, belonging to the parish of Trinity Church of New Haven, for the site of a county court-house, and that the county commissioners were unable to agree with the owner upon the amount to be paid for said land, a judge of the Superior Court appointed a committee to ascertain the value of said land and assess just damages to the owner. The committee reported the value of the land to be $58,000, and that "said sum should be assessed

as just damages therefor to the defendant (The Parish of Trinity Church) unless the sum should be increased in accordance with the facts below stated." The report then proceeded as follows:—

"The property in question, known as 57 Elm Street, New Haven, was conveyed to the Parish of Trinity Church by the executors of Caroline S. Edwards, by deed dated July 14, 1906, as a gift to said parish from Lucy Hall Boardman, of New Haven. Said Lucy Hall Boardman died on the 29th day of March, 1906, leaving a will duly admitted to probate in the District of New Haven, and the fifth clause provided among other things as follows:—

"Fifth: I give and bequeath the following sums as hereinafter stated: . . . Twelve Thousand Dollars ($12,000) to the Rector, Wardens and Vestrymen of Trinity Church of New Haven, Connecticut, for use in building a Sunday School Room and for such other improvements to the property at No. 57 Elm Street, New Haven, Connecticut, as may be needed. As this property may not be acquired during my lifetime the bequest herein made, in the hands of the Rector, Wardens and Vestrymen aforesaid, may be allowed to accumulate until the property comes into the possession of the said Church.

"Said estate of Mrs. Boardman is now in process of settlement, is solvent and fully able to pay said legacy, but the same has not yet been paid or received by said Trinity Parish.

"If the law be so that in consequence of the condemnation of the premises in question, said Parish will lose the benefit of the above described legacy of $12,000, then and in that event, your committee assess as just damages for the taking of said premises the sum of $70,000, with whatever interest may be due on said legacy. If, on the other hand, the law is so that the condemnation of said premises does not affect the right of said parish to said legacy above described, then, and in that event, the committee assess

as just damages for the taking of said premises the sum of $58,000. . . ."

The executors of the estate of Mrs. Boardman, who were cited in as codefendants, remonstrated against the acceptance of the committee's report, upon the ground that said legacy of $12,000 to Trinity Church was not a proper matter for the consideration of the committee, and the plaintiff remonstrated against the acceptance of so much of the report as assessed the damages at $70,000 if the parish would lose the benefit of the legacy of $12,000.

Among the questions upon which our advice is asked by the reservation are these: 1. Is the legacy of $12,000 to the Parish of Trinity Church valid and collectible upon the facts reported by the committee?  2. Will the condemnation of said land for the site of a court-house work a forfeiture of the $12,000 legacy?  3. What judgment or decision should be rendered?

Section 4107 of the General Statutes provides that the acceptance of the report of committee appointed to assess the damages "shall have the effect of a judgment in favor of the owner of the land against the county for the amount of the assessment made by the committee."

It has been suggested that under the statute cited the committee should in its report have made one unconditional assessment of a certain amount, instead of two conditional assessments of different sums.  As all the parties before us have waived this question, we shall treat the report as assessing only that one of the two sums which we hold to be the correct one.

Whether by the language of the will the legacy of $12,000 is valid, and if so, whether by such language the $12,000 can be used by the church for any other purposes than those of constructing a Sunday school-room upon the premises No. 57 Elm Street, and making improvements upon that particular property, are questions which this proceeding is scarcely adapted to raise, and which we find it unneces-

sary to decide, since, however they may be answered, the amount of damages properly assessable against the plaintiff in these proceedings will be the same. The only questions regarding this legacy with which we are concerned are, will the taking of the premises 57 Elm Street by the plaintiff, under the lawful exercise of the right of eminent domain, necessarily deprive Trinity Church of this legacy of $12,000; and, if it will, can the injury for such loss be an element of damages in these proceedings? As the first of these two questions must be answered in the negative, we need not consider the second.

If by the terms of the will the $12,000 is given upon condition that it shall be expended upon the premises No. 57 Elm Street, and these premises are taken for a public use, it is the act of the law, and not the act or fault of the legatee, which renders the literal performance of such condition impossible. *Lex nemini faciat injuriam.* A failure, from such reason, to perform the conditions of the gift ought not to work an injury to the church, nor a benefit to the Boardman estate, nor compel the county, in addition to the full value of the premises, which the church held unconditionally, to pay $12,000 for something which it does not take. The inability of the church, from such cause, to strictly perform the conditions of the gift, by expending the $12,000 in precisely the manner stated in the will, will neither relieve the executors of Mrs. Boardman from the duty of paying the legacy, nor furnish ground for a claim of forfeiture or breach of trust after its payment. *Scovill* v. *McMahon*, 62 Conn. 378, 389, 26 Atl. 479. To the extent of enabling the church to take and retain the legacy, the law will regard the $58,000, received under the condemnation proceedings, as standing in the place of the property taken. The law requires the plaintiff to pay to the church only the market value of the premises taken.

The legal construction of the report is that damages are assessed in favor of the parish of Trinity Church for $58,000,

interest on which would run from the date on which the report was filed.

We advise the judge of the Superior Court to accept the report of the committee.

No costs will be taxed in this court.

In this opinion the other judges concurred.