FRED A. HART et al. Plaintiffs in Error, vs. JAMES LAKE
et al. Defendants in Error.

*Opinion filed April 20, 1916.*

1. PARTITION—*equity has no jurisdiction to decree a partition
where complainants have no title.*  A court of equity has no juris-
diction of a bill for partition where the complainants, at the time of
filing their bill, have no title whatever to the premises, and where,
before decreeing partition, it is necessary for the court to divest
certain of the defendants of the title to the premises and invest the
complainants with that title.

2. SAME—*on breach of condition subsequent the grantor must
re-enter to be entitled to partition.*  The grantor, on breach of a
condition subsequent, must re-enter before he will be entitled to a
bill for partition, and until re-entry he has only a possibility of re-
verter.  (*Mott* v. *Danville Seminary,* 129 Ill. 403, distinguished.)

3. DEEDS—*conveyance upon condition subsequent leaves no re-
version in the grantor.*  A conveyance upon condition subsequent
passes a base or determinable fee, leaving in the grantor no rever-
sion but only the naked possibility of a reverter in case of a breach
of the condition; but the breach of condition does not, of itself,
determine the estate.

WRIT OF ERROR to the Circuit Court of McHenry
county; the Hon. C. H. DONNELLY, Judge, presiding.

FISHER & NORTH, and WAITE & DONOVAN, for plain-
tiffs in error.

HENDRICKS & MARSHALL, for defendants in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Fred A. Hart and certain other heirs-at-law of William
Hart, Jr., deceased, filed their amended bill of complaint in
the circuit court of McHenry county against Lanson D.
Hart, the remaining heir-at-law of William Hart, Jr., and
James Lake and Douglas I. Hine, individually and as trus-
tees of the First Congregational Church of Harvard, Mc-
Henry county, Illinois, alleging that on March 19, 1866,

William Hart, Jr., was the owner in fee of lots 4 and 5,
in block 3, in Hart's addition to Harvard, in McHenry
county; that on that date said William Hart, Jr., conveyed
said premises to the trustees of the First Congregational
Church of Harvard, McHenry county, Illinois, by warranty
deed, which deed contained the following clause: "And it
is agreed and understood by the parties to these presents
that the above described lots are deeded to the above trus-
tees for the purpose of building thereon a Congregational
church, and for no other purpose; and it is further under-
stood that whenever the said lots cease to be used for the
above described purpose they shall revert to the makers of
this deed or to their heirs or assigns;" that the premises
have for five years last past ceased to be used for the pur-
poses set forth in said deed, to-wit, for the purpose of
building thereon a Congregational church or for a Congre-
gational church; that during all of said time there was no
pastor employed and no meeting or religious services held
in said church by the members thereof; that there was no
congregation of persons meeting together for religious wor-
ship or performing any of the functions, social or religious,
of an organized church society under the auspices of said
First Congregational Church of Harvard, but, on the con-
trary, said premises have been taken in charge by the de-
fendants James Lake and Douglas I. Hine, claiming to be
trustees of the Congregational church, and that the de-
fendants James Lake and Douglas I. Hine have rented the
premises to divers and sundry persons and associations and
collected the rents therefrom; that upon said premises are
built and located a dwelling house and a building formerly
used as a Congregational church; that the dwelling house
is now occupied by Clayton A. Goodsell, one of the de-
fendants to the bill, as a tenant, for a residence, and that
the church building is now occupied and used a portion of
the time by St. Paul Evangelic Lutheran Church, also a
defendant to the bill; that on August 23, '1911, there was

filed for record in the recorder's office of McHenry county a certain instrument, which is set out verbatim in the amended bill and which appears to be an affidavit made by D. I. Hine setting forth that at a meeting of the members of the First Congregational Church of Harvard, McHenry county, Illinois, on August 22, 1911, James Lake and D. I. Hine were elected trustees of said church, and said church adopted as its corporate name, "The First Congregational Church of Harvard, McHenry county, Illinois," but the complainants allege that the First Congregational Church of Harvard had long prior thereto broken up, disbanded and ceased to exist, and that the filing and recording of said instrument were done by the defendants Douglas I. Hine and James Lake with the fraudulent intent of still further clouding the title of the complainants to said premises, and that the same is a cloud upon the title of the complainants and should be removed; that the defendants James Lake and Douglas I. Hine have for many years rented the premises and have collected the rents therefrom and should account to the complainants and the defendant Lanson D. Hart for all moneys so received by them; that the complainants and the defendant Lanson D. Hart are the only heirs-at-law of William Hart, Jr., deceased, and are the only persons having any interest in or title to the said premises. The amended bill prays for partition of the premises among the complainants and the defendant Lanson D. Hart; that the title to the premises may be found and adjudged to have reverted to and re-vested in complainants and the defendant Lanson D. Hart free and clear of any claim, right or title on the part of the trustees of the First Congregational Church of Harvard, McHenry county, Illinois, or on the part of said church; that the defendants James Lake and Douglas I. Hine may be required to account and pay over to the complainants and the defendant Lanson D. Hart the rents, issues and profits received by them from said premises, and that the complainants may

have such other and further relief as equity may require. To the amended bill the defendants James Lake and Douglas I. Hine, individually and as trustees of the First Congregational Church of Harvard, McHenry county, Illinois, interposed a demurrer, one of the grounds of demurrer being that the amended bill shows on its face that the complainants have no title to the premises; that the sole purpose of the proceeding is to construe the provision of the deed above quoted, and in case it should be construed in the manner contended for by the complainants, then to have the court declare a forfeiture for a breach of the alleged condition subsequent. The circuit court sustained the demurrer and dismissed the amended bill for want of equity, at the cost of the complainants. The complainants in the bill have sued out this writ ·of error, seeking a reversal of the judgment of the circuit court.

An attempt to have a court of equity construe the provision of the deed in controversy between the parties has been made heretofore in a proceeding brought in the circuit court of McHenry county by the First Congregational Church of Harvard against the heirs of William Hart, Jr., deceased, and others, ostensibly for the purpose of quieting the title of the church to the premises above described. The circuit court awarded the relief sought by the church in that proceeding, but upon writ of error sued out by the heirs of William Hart, Jr., we held that as between the church and the heirs of William Hart, Jr., a legal title, only, was involved; that no other relief was sought against the heirs of William Hart, Jr., than that the clause of the deed above set out be construed and the legal title of the church be declared, and, after calling attention to the rule that a court of equity will not assume jurisdiction· to declare such legal title but will remit the parties to their remedy at law, we reversed the decree and remanded the cause to the circuit court, with directions to dismiss the bill

as to the heirs of William Hart, Jr.  *First Congregational
Church* v. *Page,* 257 Ill. 472.

The present suit is ostensibly a proceeding for partition
of the premises among the heirs-at-law of William Hart,
Jr., deceased, and, as incidental thereto, for the removal
of the instruments under which the trustees of the church
claim title to the premises as clouds upon the title of the
heirs of William Hart, Jr., and plaintiffs in error contend
that because they pray for a partition of the premises, and
because the Partition act authorizes a court of equity in
suits for the partition of real estate to investigate and de-
termine all questions of conflicting or controverted titles
and to remove clouds upon the titles to any of the premises
sought to be partitioned, a court of equity has jurisdiction
to grant the relief prayed for in the amended bill herein.
While a court of equity has jurisdiction to investigate and
determine questions of conflicting or controverted titles in
suits for partition where the complainants have undivided
interests in the title to the premises, it cannot be success-
fully contended, either upon reason or authority, that a
court of equity has jurisdiction of a bill seeking partition
of real estate where the complainants, at the time of filing
their bill, have no title whatever to the premises, and where,
before decreeing partition, it is necessary for the court to
divest certain of the defendants of the title to the premises
and invest the complainants with that title.   Such is the
situation in the case at bar if the contention of plaintiffs
in error concerning the proper construction of the deed of
William Hart, Jr., is to be sustained, and if their conten-
tion should not be sustained then they have no claim what-
ever to the premises.

Plaintiffs in error contend that the provision in the deed
of William Hart, Jr., above quoted, is a condition subse-
quent; that there has been a breach of that condition, and
that the title to the premises has, therefore, re-vested in
the heirs of William Hart, Jr.  The trustees of the First

Congregational Church of Harvard, on the other hand, contend that the provision in the deed of William Hart, Jr., is a covenant, and that the only remedy in case of a breach thereof is a suit for damages. Upon the assumption that the provision is a condition subsequent, the heirs of William Hart, Jr., under the allegations of the bill, have no title to the premises. A conveyance upon condition subsequent passes a base or determinable fee, leaving no reversion in the grantor. What is left in him is only a right to defeat the estate so granted upon the happening of a contingency, called a naked possibility of reverter, which is incapable of alienation or devise, although it descends to his heirs. Possibility of reverter denotes no estate, but, as the name implies, only the possibility to have an estate at a future time. (*North* v. *Graham,* 235 Ill. 178; *Dees* v. *Cheuvronts,* 240 id. 486.) Non-compliance with a condition subsequent does not, of itself, determine the estate. After breach, an entry, or some act equivalent thereto, is necessary to re-vest the estate in the grantor. (*Mott* v. *Danville Seminary,* 129 Ill. 403; *Golconda Northern Railway* v. *Gulf Lines Railroad,* 265 id. 194.) Bringing suit in ejectment is considered equivalent to re-entry. The bill does not allege that either William Hart, Jr., during his lifetime, or his heirs since his death, have made a re-entry on account of a breach of the alleged condition subsequent nor that they have recovered the premises in ejectment. On the contrary, it appears from the bill that certain persons claiming to be trustees of the First Congregational Church of Harvard have been exercising acts of ownership over the premises and have been subjecting the premises to uses other than those for which they were granted. So far as the allegations of the amended bill show, conceding that the provision of the deed is a condition subsequent, plaintiffs in error have no estate in or title to the premises but merely a possibility of reverter, which is not such an interest in real estate as can be partitioned.

273 — 5

Plaintiffs in error in this connection rely upon *Mott* v. *Danville Seminary, supra.* That was a proceeding to partition certain real estate among certain persons claiming as grantees of Melissa B. Lamon, who in 1850 had conveyed said real estate to the board of trustees of the Danville Seminary for the purpose of building and maintaining on said ground an institution of learning. The Danville Seminary was a corporation organized under an act entitled "An act for the incorporation of institutions of learning," approved January 26, 1849, in force April 13, 1849. Section 12 of that act provided that upon a violation of the provisions of the act or a failure to comply with the same, upon complaint to the circuit court, "a writ of *scire facias* shall issue, and the circuit attorney shall prosecute in behalf of the people for a forfeiture of all rights and privileges secured by this act to such corporation." In 1877 a proceeding by *scire facias* was instituted, as provided in section 12 of the act, in the circuit court of Vermilion county against the board of trustees of Danville Seminary, and in 1880 a decree was entered in said cause dissolving the corporation. Thereafter Melissa B. Lamon conveyed the premises to certain persons who brought suit to partition the same, and the objection was interposed that the complainants had no title to the premises. In disposing of this objection we held that as the act of 1849 did not direct what was to become of the property of the corporation in the event of its dissolution, the doctrine of the common law that upon the dissolution or civil death of a corporation all its real estate remaining unsold reverts back to the original grantor or his heirs applied, and that upon the entry of the decree of the circuit court of Vermilion county dissolving the corporation the title to the real estate which had been conveyed by Melissa B. Lamon to the trustees of the corporation in 1850 reverted to her without re-entry or other act equivalent thereto, and that her deed to the complainants, made subsequent to the entry of the decree in

1880, conveyed to the complainants the legal title to the premises. That case was not decided upon the theory that there had been' a breach of a condition subsequent. On the contrary, it was there said: "If this was a bill alleging that a condition subsequent in a deed had not been complied with and praying for a forfeiture of the·rights of the grantee on that account the objection of counsel would have great force. But the bill for partition in the case at bar sets up that the judgment of forfeiture and dissolution has already been rendered in a proceeding at law and by a court of law, and merely asks that the complainants may be declared to have become the owners of one-third of the title, which passed to their grantor as the result of a forfeiture already had and declared." The plaintiffs in error in their argument state that "this society was never organized as a corporation during its existence," hence it necessarily follows that the principles upon which the *Mott case* was decided can have no application here.

While the bill in this case is denominated a bill for partition, it is evident that its real purpose is to have a court of equity· construe the provision of the deed of William Hart, Jr., above quoted, and if it should determine that it was a condition subsequent, to have the court declare a forfeiture of the estate granted to the trustees of the First Congregational Church of Harvard and to re-invest the heirs-at-law of William Hart, Jr., with the title ·to the premises. Until such action is taken the heirs-at-law of William Hart, Jr., have no estate or interest in the premises which can be partitioned, and such action can be taken only by a court of law.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*