The Town of Franklin *v.* V. W. Gillespie *et al.**

*(Nashville.* December Term, 1927.)

Opinion filed May 26, 1928.

1. **POSSIBILITY OF REVERTER. SUIT TO ENFORCE TAX LIEN. PARTIES.**

A deed containing a reservation as follows: "Should the building and grounds at any time cease to be used for the purpose above set out, the property shall revert to the donors above set out, or their heirs and distributees at law," retains an interest in the land known as a possibility of reverter; and while such an interest is referred to as being vested in the donors, and upon their decease to their heirs at law, it is not an estate, and neither the surviving donors, nor the heirs of those who had died, were necessary parties to a suit brought by a municipality to enforce a tax lien. (Post, p. 83.)

Citing: Atkins v. Gillespie, 156 Tenn. (3 Smith), 137.

2. **CHANCERY PLEADING AND PRACTICE. UNNECESSARY PARTIES. PRO CONFESSO.**

In a suit by a municipality to enforce a tax lien on property held by trustees under a deed creating a possibility of reverter, failure of the donors, or their heirs to answer the bill can add nothing to the strength of the claim, but the cause must have been put at issue by the defendant trustees or **pro confesso** entered against them, as a condition precedent to a valid decree. (Post, p. 83.)

3. **CHANCERY PLEADING. ANSWER. CROSS-BILL. TRUS. TEE. RENUNCIATION OF TRUST.**

Where a defendant to a suit brought against him as a trustee files an answer which purports to have been filed by him in his individual right, and a cross-bill, which is a part of the same

paper, and asserts a personal interest in the land involved, adverse to the beneficiaries of the trust, the filing of such a pleading must be treated as a renunciation of his trust. (Post, p. 84.)

4. CHANCERY PLEADING AND PRACTICE. ALLEGATION OF PLEADINGS. DECREE.

Averments of a cross-bill filed by one of two surviving trustees, that the property involved had ceased to be used for the purpose stated in the trust, and that the trust had terminated, because of the fact that the taxes described in the original bill had not been paid, and a suit had been filed by a municipality to enforce its lien, and, if necessary, to have the property sold for the satisfaction thereof, are not sufficient allegations to sustain a decree declaring an abandonment by the other trustee of said property under the conditions of the deed under which said trustees hold the property. (Post, p. 84.)

5. PROPERTY. TRUST PROPERTY. TAXPAYER. ABANDONMENT. SUIT TO ENFORCE TAX LIEN.

A taxpayer may have a valid defense to a tax, or he may in good faith believe he has a good defense, and he should not be held to have abandoned his property, or to have ceased to devote it to the use for which it was placed in trust, because of his action in putting the taxing power to suit in order to establish the validity of the tax and the right to collect it. (Post, p. 84.)

*Headnotes 1. Municipal Corporations, 44 C. J., section 3512; 2. Equity, 21 C. J., sections 830, 942; 3. ———; 4. ———.

FROM WILLIAMSON.

Appeal from the Chancery Court of Williamson County.—HON. J. C. HOBBS, Chancellor.

ALBERT G. EWING, for V. W. Gillespie *et al.*

WIRT COURTNEY, for Town of Franklin.

R. E. HAYNES, JR., for R. E. Haynes *et al.*

J. C. EGGLESTON, for F. A. Mayberry.

W. J. SMITH, for Frances J. Haynes, Amanda J. Haynes Weaver and Carlton Weaver, Floyd Haynes and R. E. Haynes, Jr.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The Town of Franklin filed its original bill to enforce a lien upon certain real estate, to satisfy the cost of street and sidewalk improvements, under charter and ordinance provisions.

The real estate in question was conveyed in 1896 to certain named trustees, for the use and benefit of persons adhering to a stated religious belief. The deed contained a reservation as follows: "Should the building and grounds at any time cease to be used for the purpurpose above set out, the property shall revert to the donors above set out, or their heirs and distributees at law."

The deed further provided that the successors to the trustees named should be elected by a majority of the board of trustees, and should possess the religious qualifications therein expressed and set out. The deed further provided: "When one of the above trustees dies, another trustee shall be elected by a majority of the board of trustees subject to the restrictions and qualifications now provided."

The deed named nine original trustees. The bill of the Town of Franklin avers that only two of the nine were living when the bill was filed. No successors have been named for the trustees who have died. The two

surviving trustees, V. W. Gillespie and T. A. Pope, were named as defendants, with whom were joined the surviving donors and the heirs at law of the deceased donors.

T. A. Pope, one of the surviving trustees, did not answer the original bill, and no *pro confesso* was entered against him.

V. W. Gillespie, the other surviving trustee, who was also one of the six donors in the deed of 1896, filed an answer, with certain of the heirs at law of certain of the other donors, in which the right of the Town of Franklin to the relief prayed was neither admitted nor denied.

By amendment to the answer the Statute of Limitations were pleaded to the original bill.

V. W. Gillespie, and those who joined him in the answer, filed a cross-bill, in which they asserted that the condition of the deed of 1896 had been broken, and that the real estate in question had reverted to the donors and the heirs at law of those who had died. The assertion that the condition of the deed had been broken was expressly made to depend upon the pleaded fact "that the street improvement taxes or special assessments have not been paid, and the property is being allowed to be sold to satisfy said charges."

The cross-bill then charges "that this is such an abandonment of the property as was contemplated by the parties to the above-mentioned deed," etc.

*Pro confesso* was entered against T. A. Pope, the surviving trustee, who was made a defendant to the cross-bill.

Pending the proceedings in the chancery court, the death of defendant and cross-complainant, V. W. Gillespie, was suggested and admitted, and the cause revived in the name of his executrix, Mrs. Mary Gillespie.

157 Tenn.—6.

The cause was then heard by the Chancellor upon the pleadings and the *pro confesso* taken on the cross-bill. The Chancellor sustained the plea of the Statute of Limitations, in so far as the statute was pleaded by certain of the defendants, and awarded the Town of Franklin a recovery against those defendants who had not pleaded the Statute of Limitations. This resulted in a decree for the Town of Franklin for one-half of the taxes claimed in the bill.

In so holding, the Chancellor evidently treated the answer of V. W. Gillespie as an answer in his individual capacity only, and not as an answer in his capacity as trustee under the deed of 1896.

The decree of the Chancellor then sustained the averments of the cross-bill that the title to the property in question has reverted to the original donors and their heirs at law; and a sale was ordered for partition and division of the proceeds among those so adjudged to be entitled thereto.

On the thirty-first day after the final decree was entered, an order was entered reciting that the "defendants" excepted to the decree and prayed an appeal, which was granted. This appeal was perfected by Mrs. V. W. Gillespie and T. A. Pope, who styled themselves "surviving trustees."

The appellees called attention to the fact that the appeal was not prayed and granted within thirty days from the final decree, and thereupon the said Mrs. V. W. Gillespie and T. A Pope, "surviving trustees," filed the record for writ of error, and made bond, as required by statute  The assignments of error and brief in support of the writ of error are headed: "T. A. Pope, surviving trustee, shows to the court."

It is obvious that the trusteeship of V. W. Gillespie did not descend to his executrix, nor to his widow, and the assignments of error are correctly and properly made in the name of T. A. Pope, as surviving trustee, the record showing that he was the sole surviving trustee at the date final decree was entered in the chancery court.

The first assignment of error made by the surviving trustee attacks the decree of the Chancellor, on the ground that the cause was not at issue.

This assignment of error is sustained by the record, in so far as the original bill of the Town of Franklin is concerned.

(1) The only material defendants to the original bill were the two surviving trustees. The interest in the land retained by the donors in the deed of 1896 was what is known as "a possibility of reverter." While such an interest is referred to as being vested in the donors, and upon their decease in their heirs at law, it is not an estate, and neither the surviving donors, nor the heirs of those who had died, were necessary parties to the suit of the Town of Franklin, for the enforcement of its tax lien. So much, we think, clearly appears from the discussion of the nature and characteristics of a possibility of reverter in the case of *Atkins* v. *Gillespie*, 156 Tenn., 137, and the cases therein cited.

(2) The donors of the property, being unnecessary parties, could by their answer, or failure to answer the original bill, add nothing to the strength of the claim of the Town of Franklin. As a condition precedent to a valid decree in favor of the Town of Franklin, the cause must have been put at issue, by answer of the defendants trustees, or by *pro confesso* entered against them.

T. A. Pope did not answer, and no *pro confesso* was entered against him.

*(3)* Neither can the answer of V. W. Gillespie be treated as an answer in his capacity of trustee. It purports to have been filed by him in his individual right, and in the cross-bill, which is a part of the same paper as the answer, he asserted a personal interest in the land, adverse to the interest of the beneficiaries of the trust. The filing of such a pleading by a trustee must be treated as a renunciation of his trust. This was, in effect, the attitude of the Chancellor, since he treated the plea of the Statute of Limitations in the answer of V. W. Gillespie *et al.* as having been made by the individual defendants, and sustained it only in their behalf.

So, we conclude that the cause was not at issue on the original bill, and that it was error for the Chancellor to render a decree thereon.

*(4)* The tenth assignment of error made by T. A. Pope, trustee, is that the decree of the Chancellor should be reversed "because there is no allegation in the cross-bill or original bill upon which to sustain the decree declaring an abandonment by appellants of said property under the conditions of the deed of March 31, 1896."

Counsel for neither party has cited any authority on this proposition. It is our opinion that the assignment of error should be sustained.

The averment of the cross-bill is that the property had ceased to be used for the purpose stated in the trust, and that the trust had terminated, because of the fact that the taxes described in the original bill had not been paid, and a suit had been filed by the Town of Franklin

to enforce its lien, and, if necessary, to have the property sold for the satisfaction thereof.

(5)    We cannot agree that the institution of a suit for the enforcement of a tax lien is an abandonment of the property and a cessation of the use for which it is held in trust.  The taxpayer may have a valid defense to the tax, or he may in good faith believe that he has a good defense.  He is entitled to his day in court as to the right of the taxing power to collect the tax claimed.  He should not be held to have abandoned his property, or to have ceased to devote it to the use for which it was placed in trust, because of his action in putting the taxing power to suit in order to establish the validity of the tax and its right to collect it.  Whether the cross-bill could have been maintained, if it had been filed after the trustees had permitted a valid judgment to be rendered against them for the tax, is not necessary to be decided in this action.  At the time the cross-bill was filed no such judgment had been rendered.

We are supported in the view just expressed by the inconsistency of the attitude of the cross-complainants, apparent on the face of their pleadings.  By their answer they assert that there is a good and valid defense to the original bill, in that the claim of the Town of Franklin was barred by the Statute of Limitations, and yet in their cross-bill they assert this debt of the Town of Franklin as the only basis of their claim that the trust had terminated and that the land had reverted to the donors and their heirs at law.  In other words, they deny in their answer the existence of the only fact which they plead in support of their cross-bill.

We do not deem it necessary to consider other assignments of error made by the surviving trustee.  We do

not decide whether he would have the right to exercise the power of appointment of the successors to the deceased trustees. Until such appointment is made, he is a sufficient representative of the legal title, either in a suit for or against him, as trustee.

Some questions of a technical nature are made against the original bill.

These questions may be urged in a proper pleading on the remand, although we hardly think it likely that the trustees of the "holiness people," or a "second blessing people," as the beneficiaries of the trust are styled in the deed of 1896, will interpose a technical defense to the claim of the Town of Franklin, with their right to a full hearing on the merits guaranteed to them as the result of the decree of this court.

For the reasons stated, the decree of the Chancellor will be reversed, and the cause remanded to the Chancery Court of Williamson County for further proceedings.

The costs of the appeal will be paid equally by the Town of Franklin and by the cross-complainants.