**UNITED STATES v. 1119.15 ACRES OF LAND, WILLIAMSON COUNTY et al.**

No. 477.

District Court, E. D. Illinois.

April 30, 1942.

George R. Schwarz, of Jerseyville, Ill., for the Government.

Lan Haney, State's Atty., of Marion, Ill., and Russell E. Townsend, of Anna, Ill., for defendants.

LINDLEY, District Judge.

To whom is the compensation for certain land taken by the Government by eminent domain payable? On the one hand the Trustees of schools claim it; ópposed to them are the heirs of the former owner who conveyed to the school authorities. In his deed the grantor conveyed the property in fee, adding, however, "it being absolutely understood that when said land ceases to be used for school purposes it is to revert to the above grantor, his heirs." At the time the Government took the property, school was being conducted on the premises, in a school-house erected for that purpose. There is no evidence of any imminence or likelihood of abandonment; rather the use for school purposes had persisted without interruption for many years and was being continued without threat of interruption.

The conveyance to the Trustees created a determinable fee which was to continue so long as the land was to be devoted to school purposes. This, in Illinois, is a base or qualified fee, but there is left in the grantor no reversion but merely "a naked possibility of reverter" which includes no title but only "the possibility to have an estate at a future time." In the meantime the whole title is to the grantee, subject only to the possibility of reverter. North v. Graham, 235 Ill. 178, 85 N.E. 267, 268, 18 L.R.A.,N.S., 624, 126 Am.St. Rep. 189. This right is "not different in nature from an inchoate right of dower." Fifer v. Allen, 228 Ill. 507, 81 N.E. 1105, 1109; Hart v. Lake, 273 Ill. 60, 112 N.E. 286.

The law is said by Simes, in his work on Future Interests, vol. 1, § 171, to be substantially the same generally. And the Restatement of property, Vol. I, Section 53, et sequi, is to the same effect. Discussing the proper distribution of the award where property is taken by eminent domain, it is there said: "If, viewed from the time of the commencement of an eminent domain proceeding, and not taking into account any changes in the use of the land sought to be condemned which may result as a consequence of such proceeding, the event upon which a possessory estate

in fee simple defeasible is to end is an event the occurrence of which, within a reasonably short period of time, is not probable, then the damages for a taking thereof by an eminent domain proceeding are ascertained as though the estate were a possessory estate in fee simple absolute and the entire amount thereof is awarded to the owner of the estate in fee simple defeasible. Under these circumstances the future interest has no ascertainable value." An illustration is cited, as follows: "A, owning Blackacre in fee simple absolute, transfers Blackacre 'to B Church Corporation so long as the premises are used for church purposes.' While B is continuing to use Blackacre for church purposes, and at a time when there is no desirability in B changing the site of its church, the City C, in which Blackacre is located, initiates eminent domain proceedings to acquire Blackacre as a part of a public park. B's estate in Blackacre has the same value, in these eminent domain proceedings, as an estate in fee simple absolute in Blackacre." The same authority recognizes the rule that if, at the time of the taking, the event upon which the property is to revert is imminent, the compensation is to be divided between the owner of the estate in fee simple defeasible and the owner of the future interest in accord with the proportionate values of their respective interests.

Quite generally the authorities are to the same effect, namely, that if the event ripening the right of reverter is not imminent, the owner of the estate in fee simple defeasible is entitled to all the compensation. The following are illustrative: First Reformed Dutch Church v. Croswell, 3d Dept.1924, 210 App.Div. 294, 206 N.Y.S. 132, appeal dismissed on motion 1925, 239 N.Y. 625, 149 N.E. 222; State ex rel. Sayers v. School District No. 1, 1899, 79 Mo.App. 103; Lyford v. Laconia, 1909, 75 N.H. 220, 72 A. 1085, 22 L.R.A.,N.S., 1062, 139 Am.St.Rep. 680; County of New Haven v. Trinity Church Parish, 1909, 82 Conn. 378, 73 A. 789; Scovill v. McMahon, 1892, 62 Conn. 378, 26 A. 479, 21 L.R.A. 58, 36 Am.St.Rep. 350; Lutes v. Louisville-Nashville R. Co., 1914, 158 Ky. 259, 164 S.W. 792; Titus v. Boston, 1894, 161 Mass. 209, 36 N.E. 793; Chandler v. Jamaica Pond Aqueduct Corp., 1878, 125 Mass. 544; Cincinnati v. Babb, 1893, 4 Ohio Dec. 464; People v. Kerr, 1863, 27 N.Y. 188. Cf. Town of Franklin v. Gillespie, 1928, 157 Tenn. 78, 6 S.W.2d 323.

While I do not find that the Supreme Court of Illinois has definitely passed upon the precise question here involved, the announcements in the cases quoted are persuasive to the effect that the mere possibility of reverter existing at the time the Government took the property created in the grantor's heirs no right to the compensation in view of the fact that there was no hint, imminence or probability of the trustees abandoning the use for school purposes. The premises, that the right of reverter is a mere naked possibility; that it is not a reversion and can not be conveyed but passes only to the heirs, and that it is in the nature of the right of dower lead only to the conclusion that there was at the time of the taking here no estate in the Armstrong heirs.

The authorities cited to the contrary do not touch the point. In Fifer v. Allen, 228 Ill. 507, 508, 81 N.E. 1105, the court held one having a right of possible reverter not entitled to share in the compensation for property taken by eminent domain, the event causing the ripening of his estate into one of enjoyment not having come to pass. In Mott v. Danville Seminary, 129 Ill. 403, 21 N.E. 927, the happening of the event was not only imminent but had actually occurred, as it had also in Sherman v. Town of Jefferson, 274 Ill. 294, 113 N.E. 624, and in the case therein relied upon, Pepin County v. Prindle, 61 Wis. 301, 21 N.W. 254. The occurrence of the essential event in each of the cases mentioned is at variance with the facts here. In Hart v. Lake, 273 Ill. 60, 112 N.E. 286, the court reaffirmed the doctrine that the grantor holds only a naked possibility of reverter and added that, even though the crucial event had occurred, the title did not ripen entirely until a re-entry had been made or some act equivalent thereto had occurred. In North v. Samuel Graham, 235 Ill. 178, 85 N.E. 267, 18 L.R.A.,N.S., 624, 126 Am.St. Rep. 189, the court merely held that the right of reverter originates at the time of the grantor's death.

I conclude, therefore, that the Trustees had a fee simple title, defeasible only by the abandonment of use of the land for school purposes; that there was no imminence or probability of such abandonment; that the heirs have only a naked possibility of reverter, which has never ripened into an estate; that they are not entitled to share in the proceeds but that the compensation is that of the Trustees of schools.