LUDWIG MULLER ET AL. v. MILDRED P. CAMPEAU

| SUPERIOR COURT | LITCHFIELD COUNTY | FILE NO. 12649 |

Memorandum filed March 6, 1950.

*Charles R. Ebersol*, of Torrington, for the Plaintiffs.

*Robert A. Wall*, of Torrington, for the Defendant.

MOLLOY, J. The plaintiffs seek a declaratory judgment determining whether or not the defendant has a right or privilege to continue to live in a dwelling house on property described in the complaint, paying forty-five dollars per month as long as she desires to live there even though her employment with J. H. Rosenbeck & Sons has been terminated and she is not presently in the employ of said J. H. Rosenbeck & Sons.

The situation arose in this manner. On August 8, 1947, John H. Rosenbeck died a resident of the town of Torrington leaving a last will dated April 10, 1947, admitted to probate August 18, 1947. The fourth paragraph of said will reads as follows: "Fourth. I give, devise and bequeath the dwelling house and three (3) lots connected therewith which are now occupied by Mildred P. Campeau, who is now in the employ of J. H. Rosenbeck & Sons, to my daughter, Ida R. Muller, to be hers

absolutely and forever, provided however, that in the event that Mildred P. Campeau remains in the employ of J. H. Rosenbeck & Sons after my decease, I hereby give to her the privilege of continuing to live in the dwelling house on said premises where she now lives, at the same rental of Forty-five dollars ($45.00) per month so long as she desires to live there and so long as she remains in the employ of J. H. Rosenbeck & Sons."

The certificate of distribution issued by the Probate Court for the district of Torrington on October 7, 1948, certifies that the dwelling and land in question "has been given, devised and bequeathed to Ida R. Muller." This certificate has been recorded on the land records of the town of Torrington. On November 30, 1948, by warranty deed said Ida Muller conveyed to her husband Ludwig F. Muller an undivided one-half interest in the land and building in question.

On May 26, 1949, a little over a year and nine months after the death of the testator John H. Rosenbeck, the defendant's employment with J. H. Rosenbeck & Sons was terminated by her employer; and since that date the defendant has not been in the employ of J. H. Rosenbeck & Sons. She still continues to live in the dwelling house and is in possession of the property mentioned in the fourth paragraph of John Rosenbeck's will under a claim set forth in a caveat dated May 28, 1949, and duly recorded in the Torrington land decords. It is the claim of the defendant that under the provision of the will quoted above she was given the privilege of continuing to live in said dwelling as long as she desired to do so and at a rental of forty-five dollars per month. She asserts further that her employment with J. H. Rosenbeck & Sons was not terminated by her but, on the contrary, was terminated by the Rosenbeck partnership.

J. S. Rosenbeck is a small machine shop which was owned outright by the testator prior to his death. Under the second paragraph of his will the testator gave a 51 per cent interest in this business, including land, factory building, machinery, inventory, etc. to his son, Neils Rosenbeck, and the remaining 49 per cent of said business in equal shares to his sons John Rosenbeck and George Rosenbeck; the sons were "to continue to operate said business in the proportions in which I have given it to them." They accepted the conditions of the gift and have continued to operate the business. During the last illness of

the testator his son Neils Rosenbeck was the active manager of the business and devoted his full time thereto, while his brothers John and George were employed full time by The Torrington Company and did not actively participate in the management. This condition continued unchanged after the testator's death.

The defendant was the testator's private secretary for eleven years prior to his death. She attended to his real estate holdings and to his personal affairs, in addition to acting as bookkeeper for J. H. Rosenbeck & Sons. After his death the defendant's duties were confined to her bookkeeping work for J. H. Rosenbeck & Sons. The testator thought well of the defendant and appreciated her services for him, so much so, that in 1941 he built the house referred to in the fourth paragraph of his will according to her desires and permitted her to occupy the same at a rental of forty-five dollars.

Mrs. Campeau's compensation was fifty dollars a week. Including her, the company employed twenty employees. Between January 1, 1949, and June 1, 1949, however, the business fell off about one third and the number of employees dropped to ten and their hours from forty-five to forty hours a week. So on May 26, 1949, Neils Rosenbeck terminated the defendant's employment.

What did the testator mean in the language he used in the fourth paragraph of his will in reference to Mrs. Campeau? "We are not at liberty to quess what he means: we must ascertain his intent, if it can be ascertained at all, from the language he uses. One of the fundamental rules in the construction of wills is that a testator is always presumed to use the words in which he expresses himself according to their strict and primary acceptation, unless from the context of the will it appears that he has used them in a different sense." *Leake* v. *Watson*, 60 Conn. 498, 507.

The testator's daughter Ida R. Muller is devised the property in question subject to the "event that Mildred P. Campeau remains in the employ of J. H. Rosenbeck & Sons after my decease" in which event the testator gives "her the privilege of continuing to live in the dwelling house on said premises where she now lives, at the same rental of Forty-Five Dollars ($45.00) per month so long as she desires to live there and so long as she remains in the employ of J. H. Rosenbeck & Sons." The testator starts off his gift language by saying "in the event

that Mildred P. Campeau remains in the employ of J. H. Rosenbeck & Sons after my decease" she has the privilege of continuing to live on the property "so long as she desires . . . and so long as she remains in the employ of J. H. Rosenbeck & Sons." It is clear, therefore, that there are two conditions under which she can enjoy the use of the property, "so long as she desires to live there" and "so long as she remains in the employ of J. H. Rosenbeck & Sons." Her remaining in the employ of the company is the predominant idea of the testator. If she is not in the employ of the company then her privilege ceases. This interpretation appears to the court as very clear and definite.

Now it cannot be seriously disputed but that Neils Rosenbeck had the right under the circumstances to discharge the defendant. The testator nowhere gave her a permanent or lifetime job with J. H. Rosenbeck & Sons. There is no thought expressed in the language used by him in his will that she was to be kept in the employ of J. H. Rosenbeck & Sons. Undoubtedly the testator expected she would continue on with J. H. Rosenbeck & Sons but he took no steps nor did he use any language to insure her continued employment. What he was assuring her was that as long as she remained in the employ of J. H. Rosenbeck & Sons she could live on the property. Her ceasing to "remain in the employ" might occur by her desire to quit or by her discharge due to any number of factors. In the instant case it was the heavy drop in the business the concern was doing. Neils Rosenbeck replaced her by one of his men employees who gave some of his time from the factory to the necessary office work which took a few hours a day. There was no limitation put upon Neils Rosenbeck in the operation of the business; indeed he was given the controlling interest because he had been active in the business and was continuing to be so.

The defendant contends, however, that the testator created in Mildred P. Campeau a tenancy at the will of the tenant and that this tenancy remains discharged of the condition "so long as she remains in the employ of J. H. Rosenbeck & Sons", since she continues ready and willing to work for the company but has been prevented from doing so through no fault of her own. She places reliance principally upon Seeley v. Hincks, 65 Conn. 1. Without going into the facts of that case in detail, suffice to say that the court held (p. 14) that the action of the executors of P. T. Barnum's will clearly defeated the testator's intent and

purpose in making a conditional gift to his grandson and (p. 15) the latter's willingness and desire to do what his grandfather desired of him should be accounted to him as performance. The cases are distinguishable. In the instant case, while the testator undoubtedly expected the defendant to continue in the employ of his firm after his death, she did not need to continue; nor did he give any directions to his sons to keep the defendant as an employee as long as she was willing to work for them. There was no conditional privilege held out to the defendant as an inducement for her to continue in the employ of the concern after his death. It is reasonable to say, as the plaintiffs argue, that it was not beyond the contemplation of the testator that the defendant's employment might be terminated by someone other than herself, particularly by her employer.

So also with the other cases cited by the defendant: *Scovill* v. *McMahon,* 62 Conn. 378, and *New Haven County* v. *Trinity Church Parish,* 82 Conn. 378. The court cannot follow the defendant's reasoning as to "condition precedent" and "condition subsequent."

The court therefore concludes that the defendant has no right or privilege to continue to live in the dwelling house and on the property described in the complaint at the rental of forty-five dollars per month as long as she desires inasmuch as her employment with J. H. Rosenbeck & Sons has been terminated and she is not presently in the employ of said J. H. Rosenbeck & Sons.

Therefore, the issues are found and judgment may enter accordingly for the plaintiffs.