## GEORGE HINER

*v.*

## CHRISTOPHER JEANPERT *et al.*

1. HIGHWAY—*evidence of a dedication.* Where a road had been traveled for over thirty years, and was not a mere neighborhood track through uninclosed woodland, but a well defined traveled road between important points in the neighborhood, and the travel varied not more than usual from the main beaten track, and the public authorities, with the knowledge of the former owners of the land over which it passed, made repairs, and built bridges where needed: *Held*, that the long *user* by the public, and the acts of acceptance by the authorities in making repairs and building bridges where needed along the line of the road, and the acquiescence of the grantors of the owner contesting the road, fully justified the jury in inferring a dedication and the existence of a highway.

2. A highway may be lawfully established by public *user* and recognition by the public authorities, and acquiescence of the owners of the

land over which it passes. No express words of dedication are necessary, and consent may be inferred from acquiescence, and *user* by the public; and *user* does not depend upon any fixed period of time.

3. INSTRUCTIONS. Although the instructions given may have been more numerous than they ought to be, and some of them not as accurately drawn as they should have been, yet if they are not calculated to prejudice the other party's cause, and the finding of the jury is fully warranted by the evidence, this will furnish no sufficient cause for a reversal.

APPEAL from the Circuit Court of Tazewell county; the Hon. CHARLES TURNER, Judge, presiding.

This was an action of trespass commenced before a justice of the peace in Tazewell county, by George Hiner against Christopher Jeanpert and William Corney. The alleged trespass consisted in the breaking down of the fences and entering the close of the plaintiff, by the defendants. The act was justified upon the ground that the place where the alleged trespass was committed was a public highway. The cause was removed into the Circuit Court, where a trial resulted in a verdict and judgment in favor of the defendants. The plaintiff appealed.

Mr. JOHN B. COHRS, for the appellant.

Mr. G. F. SALTONSTALL, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

There is but a single question presented by this record. It is whether there was a public road at the place where the trespass was committed. It is a question of fact, and has been passed upon by two juries, both of whom found the existence of the road, and we are unwilling to disturb their finding on account of any error assigned.

The evidence of a number of witnesses familiar with the premises was taken, and it appears that there was a traveled road at the point in dispute for many years—one witness fixing the period at thirty-eight years, and two others fixing

it at over thirty years. It was not a mere neighborhood track through uninclosed woodland, where people traveled as best suited their convenience, but a well defined, traveled road between important points in the neighborhood. The travel varied but little, not more than usual, from the main beaten track. The public authorities, with the knowledge of the former owners of the land, did work on the road as a public highway, made repairs and built bridges where needed, not, perhaps, on the land owned by appellant, but near by. During the entire period mentioned by the several witnesses, the owners of the land over which the road passes, with only a few exceptions, acquiesced in its use by the public with the knowledge that the authorities claimed to exercise jurisdiction over it as a public highway.

From the long *user* by the public and the acts of acceptance by the authorities in making repairs and building bridges where needed along the line of the road, and the acquiescence of the grantors of appellant, the jury were fully authorized to infer a dedication, and the existence of a lawful highway at the point where the alleged trespasses were committed. *Warren* v. *The Trustees of Jacksonville,* 15 Ill. 240; *Alvord* v. *Ashley,* 17 Ill. 363; *Dimon* v. *The People,* 17 Ill. 416.

A highway may be lawfully established by public *user* and recognition by the public authorities, and acquiescence of the owners of the land over which it passes. No express act of dedication is necessary, and consent may be implied from acquiescence, and *user* by the public, and the *user* does not depend upon any fixed period of time. The appellant himself recognized the existence of a lawful road at the point in controversy by the act of signing a petition to be presented to the proper authorities to have it changed.

Objections are taken to instructions given on behalf of appellees. While they are much more numerous than the importance of the case required, and some of them not as accurately drawn as they should have been, we can discover

nothing in them that was calculated to prejudice the cause of appellant before the jury. It would be a singularly constituted mind that could have been misled from the true issues involved by any error pointed out in the series of instructions. Indeed we do not think the jury were misled.

The verdict is fully warranted by the evidence, and no error appearing in the instructions that could materially affect the merits of the case, the judgment must be affirmed.

*Judgment affirmed.*