THE ALDEN COAL COMPANY

*v.*

THOMAS CHALLIS.

*Opinion filed December 16, 1902.*

1. DEDICATION—*making of map of a town site not necessary to valid dedication.* Staking out a town site and inviting people to locate thereon proclaims the purpose for which the dedication is made, and it is not necessary to the validity of the dedication that a map of the town site be made.

2. SAME—*Statute of Frauds does not apply to a dedication of land to public.* The Statute of Frauds does not apply to a dedication of ground to the public, but the same may be evidenced by acts and declarations without any writing.

3. SAME—*intention to dedicate is not a secret one.* While it is essential that there should be an intent on the part of an owner to dedicate his land to public use, yet such intention is not a secret one, but one which is manifested in the visible conduct and open acts of the parties.

4. SAME—*acceptance of dedication may be implied from user.* Acceptance of a dedication of ground to the public may be implied from user by the public for the purposes of the dedication.

5. SAME—*acceptance implied from slight circumstances if dedication is necessary to public.* If a dedication is beneficial, greatly convenient or necessary to the public, an acceptance thereof will be implied from slight circumstances.

6. SAME—*when coal company is estopped to deny dedication of streets in town site.* A coal company, by staking out a town site upon its land, building houses, improving streets and leasing residence and business sites, is estopped to deny the dedication of the use of the streets to the public, and vendors of provisions have a right to go upon the streets and pursue their business free from interference by the company.

*Alden Coal Co.* v. *Challis,* 103 Ill. App. 52, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Mercer county; the Hon. WILLIAM H. GEST, Judge, presiding.

This is an appeal from a judgment of the Appellate Court for the Second District affirming a decree of the circuit court of Mercer county dismissing a bill in chancery for want of equity.

It appears from the pleadings and proofs that the appellant, in the year 1899, was the owner in fee simple of a tract of 117½ acres of land situated in said county; that it was located about one and one-half miles from Wanlock, about four miles from Viola, (both small villages,) and about seven miles from Aledo, the county seat; that it was underlaid with coal, which the appellant then commenced to mine; that upon a part thereof it staked out and located a town site; that no plat was made and that the town is unincorporated; that between five hundred and six hundred people, at and prior to the time of the filing of the bill, resided in the town, which is known as New Gilchrist; that its inhabitants are practically all in the employ of the appellant, engaged in mining coal, or other occupations connected with the operation of its mine; that there is located in the town a post-office, church, school house, hotel, livery stable, barber shop and restaurant; also a large general store, which is owned and operated by the appellant, in which, in connection with its other trade, it handles meat; that the houses in which the inhabitants of the town reside, which number more than one hundred, all stand upon the land of appellant; that the most of the houses belong to appellant; that those belonging to the occupants stand upon leased ground; that none of the leases run for a longer time than ten years, and that all may be terminated by appellant so soon as it ceases to mine coal from beneath the surface of the premises; that the houses are

built upon streets and cross-streets of the usual width; that the town site is connected with the public highway adjoining appellant's property by a street about fifty feet wide, which was opened and improved by the appellant as a means of ingress and egress to and from the town site, and that the general public have been in the habit of visiting said town since it was staked out, for business or pleasure, and traveling upon the streets thereof at will, without objection by appellant; that the town is similar to other unincorporated towns of its size in the State, except that no plat thereof was made and the title to the real estate located therein is in appellant, subject, only, to the leases of the houses owned by it and the leases of the lots upon which houses other than its own have been built. The appellee, in the summer of 1901, was engaged in selling meat. He kept a market at Aledo and peddled by wagon throughout the adjoining country. Upon going to New Gilchrist to sell meat, where he went two or three times a week and sold and delivered from twenty to two hundred pounds of meat each trip and thereby reduced the sale of meat by the appellant from $100 to $125 per month, he was ordered by the appellant to keep out of the town and to desist from further peddling or selling meat upon the streets, or within the limits of the town, to the inhabitants thereof, which order he refused to obey, and upon his persisting in peddling and delivering meat in the town, and after he had been sued by the appellant three times in trespass, this bill was filed to enjoin him from peddling or selling meat in the town.

The theory of the bill is, that appellant is the owner of the land, including the streets upon which the town is located; that the public has no interest therein, and that appellee is a trespasser in going upon the streets of the town without appellant's consent; that repeated trespasses have been committed; that others are threatened; that appellee is insolvent, and that equity should

interfere, by injunction, to prevent appellee from entering said town for the purpose of selling meat.

GUY C. SCOTT, for appellant:

Where a trespass has already been committed and the court can see that it is the purpose of the defendant to commit other deliberate trespasses which cannot be adequately compensated by a judgment at law, or where the damage of each trespass is merely nominal, then a bill for injunction lies; and where the defendant is insolvent an additional ground of equitable jurisdiction is added by that fact. *Edwards* v. *Haeger*, 180 Ill. 99.

In order to justify a claim that the title to land has been divested by dedication, the proof should be very satisfactory either of an actual intention to dedicate, or of such acts and declarations as should equitably estop the owner from denying such intention. The owner of land must do some act, or suffer some act to be done, from which it can fairly be inferred he intended a dedication to the public. *Kyle* v. *Logan*, 87 Ill. 64.

It is absolutely essential to a dedication by parol that there be an intent to dedicate. The intent to dedicate is a vital and indispensable element. *Chicago* v. *Drexel*, 141 Ill. 89; *Chicago* v. *Railroad Co.* 152 id. 561; *Waggeman* v. *North Peoria*, 155 id. 545; *Wheatfield* v. *Grundman*, 164 id. 250; *Trustees* v. *Walsh*, 57 id. 363.

Where there is a question of dedication, the testimony of the owner as to his intention is admissible and may be considered in connection with all the facts. *Chicago* v. *Railroad Co.* 152 Ill. 561; *Chicago* v. *Ward*, 169 id. 392.

Under the law of Illinois no estoppel arises by leaving a passageway open for travel, unless the owner sells lots with reference to a plat showing such passageway to be a street. To create an estoppel the lots must be sold as abutting on such streets and with clear reference to a plat of such lots and streets, which must have been exhibited to the purchaser. (*Mason* v. *Chicago*, 163 Ill. 368;

*Waggeman* v. *North Peoria,* 155 id. 545.) In this case there was never a plat made and never a lot sold. The leases were all of the most temporary character, none extending beyond the time when the coal underlying the land should be mined out.

A way constructed and kept in repair by a private corporation upon its own land, for its own use and convenience and the use and convenience of tenants occupying its houses on both sides thereof, and opening into a public street, and left open to public travel and traveled by the public for more than twenty years without interruption, is not thereby dedicated to the public. *Durgeon* v. *Lowell,* 3 Allen, 398.

Each of appellant's tenants has an easement over these streets and roadways, but it is an easement appurtenant to the lot rented to each tenant, and such an easement can be used only for the enjoyment of the lot to which it is appurtenant. Such an easement can be used only by the tenant or his licensee, and cannot be used for the benefit of an adjoining lot, nor for any purpose not necessary to the enjoyment of the lot to which such easement is appendant. 10 Am. & Eng. Ency. of Law, 402, note 1; *Albert* v. *Thomas,* 73 Md. 181; *Stearns* v. *Mullen,* 4 Gray, 151; *Davenport* v. *Lamson,* 21 Pick. 72; *Reise* v. *Enos,* 76 Wis. 634.

Connell & Thomason, for appellee:

A fundamental doctrine underlying the entire jurisdiction of equity by injunction as to trespass is, that where relief may be had in law, equity will not interfere by injunction. *Goodell* v. *Lawrence,* 69 Ill. 145; 1 High on Injunctions, secs. 699, 700; *Chicago Public Stock Exchange* v. *McClaughry,* 148 Ill. 372.

Where a highway is dedicated by an individual, and it is beneficial or necessary, acceptance will be presumed from slight circumstances. *Dunn* v. *Pickard Bros.* 24 Ill. App. 624.

Although a plat has not been properly acknowledged, if the owner makes sales of lots with reference to streets, he and those claiming under him will be estopped from questioning the existence of such streets. Such acts will create a common law dedication of the streets. *Earll* v. *Chicago*, 136 Ill. 277.

As against the proprietor, a dedication may be complete without any act or acceptance on the part of the public. Dillon on Mun. Corp. sec. 642.

If a party lays off land for public use and makes sales of lots in reference thereto it amounts to dedication. No plat is essential to a dedication. *Field* v. *Carr*, 59 Ill. 200.

As against the owner, the acceptance of the dedication may be by the general public, which can manifest its acceptance by using the road, and thus acquire a right of way. Elliott on Roads and Streets, 616.

Mr. JUSTICE HAND delivered the opinion of the court:

From the view we take of this case it will not be necessary to consider all the points raised and discussed in the briefs filed by the respective parties, as in the judgment of the court the use of the streets of the town of New Gilchrist was dedicated to the public by the acts of the appellant in staking out the town site and building upon and leasing, for residence and business purposes, its property abutting upon the streets, and that the dedication was accepted by the inhabitants of the town and the general public and that the appellant is estopped to deny such dedication, and that the easement thus created in said streets is irrevocable so long as the property of appellant is used for a town site, and that, the town being unincorporated, the appellee had the right to go upon the streets thereof and sell meat, and that the court did not err in dismissing the bill.

The town site was staked out by the appellant, and by inviting people to locate thereon it proclaimed the

purposes to which it was to be dedicated. (*Godfrey* v. *City of Alton,* 12 Ill. 29.) It was not necessary to the validity of the dedication that a map of the town site should be made. (*Field* v. *Carr,* 59 Ill. 198.) . The Statute of Frauds does not apply to the dedication of ground to the public. It may be evidenced by acts and declarations and without any writing. No particular form is required to the validity of the dedication. It is purely a question of intention. (*Godfrey* v. *City of Alton, supra; Rees* v. *City of Chicago,* 38 Ill. 322; *Davidson* v. *Reed,* 111 id. 167.) .The manner of making a dedication is immaterial. It may be established by parol. (*Warren* v. *Town of Jacksonville,* 15 Ill. 236; *Smith* v. *Town of Flora,* 64 id. 93; *Kyle* v. *Town of Logan,* 87 id. 64; *McIntyre* v. *Storey,* 80 id. 127; *Moffett* v. *South Park Comrs.* 138 id. 620.) While it is essential that there should be intent on the part of a donor to dedicate his land to a public use, "the intent which the law means, however, is not a secret one, but is that which is expressed in the visible conduct and open acts of the owner. The public, as well as individuals, have a right to rely on the conduct of the owner as indicative of his intent." Elliott on Roads and Streets, (2d ed.) sec. 124.

In *Godfrey* v. *City of Alton, supra,* on page 35 it is said: "It is true that it does not appear that any map was made of this survey; but that was not essential to the validity of the dedication. The Statute of Frauds does not apply to the dedication of ground to the public. Such a dedication may be made by grant or other written instrument, or it may be evidenced by acts and declarations without writing. No particular form is required to the validity of a dedication. It is purely a question of intention. * * * An examination of the cases referred to on the argument will show that dedications have been established in every conceivable way by which the intention of the dedicator could be evinced. * * * A dedication must be understood and construed with reference to the objects and purposes for which it was made."

In *Smith* v. *Town of Flora, supra,* on page 95 the court say: "Dedications may be proved in every conceivable way,—by a survey and plat alone, and by grant, by user, and by the acts and declarations of the owner. ⁎ ⁎ ⁎ They may be shown by matter *in pais,* consisting of the acts and accompanying declarations of the owner."

In *Moffett* v. *South Park Comrs. supra,* on page 623 we say: "We have often held that 'the proof must be clear of an actual intention to dedicate, or of such acts and declarations as should equitably estop the owner from denying such intention.' 'The owner of the land must do some act, or suffer some act to be done, from which it can be fairly inferred he intended a dedication to the public.' (*Kyle* v. *Town of Logan,* 87 Ill. 64.) Intention here, as in other cases where it becomes material, may be proved by the conduct and declarations of the party, and any acts of his satisfactorily showing an intention to dedicate are sufficient."

To make the dedication complete there must not only be an intention to dedicate on the part of the owner, followed by acts of abandonment to the public, but there must be an acceptance by the public. The acceptance may be an express one, evidenced by some formal act of the public authorities, or it may be one implied from their acts, such as repairing, improving, lighting or otherwise assuming control of the lands dedicated, or it may be implied from user by the public for the purposes for which it is dedicated. (9 Am. & Eng. Ency. of Law,—2d ed.— p. 43; Elliott on Roads and Streets,—2d ed.—sec. 154; *Rees* v. *City of Chicago, supra; Smith* v. *Town of Flora, supra; Hiner* v. *Jeanpert,* 65 Ill. 428; *Wragg* v. *Penn Township,* 94 id. 11; *Town of Lake View* v. *LeBahn,* 120 id. 92; *Fairbury Union Agricultural Board* v. *Holly,* 169 id. 9; *Woodburn* v. *Town of Sterling,* 184 id. 208.) When the dedication is beneficial or greatly convenient or necessary to the public, an acceptance will be implied from slight circumstances. (9 Am. & Eng. Ency. of Law, p. 45.)

In Elliott on Roads and Streets, (2d ed.) sec. 154, the author says: "There has been much diversity of opinion as to whether user by the public will amount to an implied acceptance. * * * This uncertainty is removed by the later authorities, and it may now be considered as the prevailing opinion that an acceptance may be implied from a general and long continued use by the public as of right."

In volume 9 of the American and English Encyclopedia of Law, (2d ed.) on page 45 it is said: "When the dedication is beneficial to the public, an acceptance will usually be implied from slight circumstances or from user by the public for the purposes for which dedicated. No formal action of any particular body or individuals is necessary, but the acceptance may be implied from any acts of the public generally, showing an intent to appropriate and use the property dedicated."

In *Smith* v. *Town of Flora, supra,* the court say that acceptance may be proved by the user of the public or by the acts of officers, and a dedication may be inferred from length of user and acquiescence by the owners.

In *Rees* v. *City of Chicago, supra,* (p. 336) it is said: "When ground is dedicated to the public and accepted by them it then becomes a highway, and acceptance may be shown by user by the public, as by travel, or by the acts of the public officers in repairing and keeping it up."

In *Hiner* v. *Jeanpert, supra,* on page 430 it is said: "No express act of dedication is necessary, and consent may be implied from acquiescence and user by the public, and the user does not depend upon any fixed period of time."

In *Wragg* v. *Penn Township, supra,* on page 25 the court say: "In order to constitute a dedication it is not essential that the intention be evidenced by words, either written or spoken. If the acts of the party indicate an intention to dedicate the land to the public use it is sufficient, and if the dedication is accepted by the public, as by use and travel, it is complete."

In *Town of Lake View* v. *LeBahn, supra,* on page 102 it is said: "If it were necessary in this case that there should be an acceptance by the public in order to render the dedication a valid one, we would regard that as sufficiently shown here. An acceptance may be shown by user by the public, as by travel, or by the acts of the public officers in repairing and keeping up the streets."

In *Fairbury Union Agricultural Board* v. *Holly, supra;* on page 15 the court say: "Where a road is outside of a municipal corporation, as this one is, no particular acts are required by the law to constitute an acceptance. Where it is traveled, recognized and worked upon as a highway a presumption of acceptance arises, and where no repairs are needed, use by the public sufficiently long and general to evidence an acceptance will be sufficient."

In *Woodburn* v. *Town of Sterling, supra,* it is said (p. 215): "The user by the public must be in such a way and at such a time as that the public accommodation and private rights will be materially affected by the interruption of the enjoyment."

The fact that the streets in question are not only beneficial, greatly convenient, but absolutely necessary to the public, taken in connection with their use by the public, if anything in addition to their use is necessary to show an acceptance of the offered dedication, (*Woodburn* v. *Town of Sterling, supra,*) establishes beyond all question the acceptance of said streets by the public. Furthermore, the appellant is estopped to deny the dedication. The law is well settled if the acts of the owner show a valid dedication, and others have been induced, on the strength of such supposed dedication, to expend money, or have acquired valuable rights which would be lost or injured should the dedication be withdrawn, the owner may not overcome the legal effect of such acts by showing that he did not intend to dedicate his land to the use of the public. (9 Am. & Eng. Ency. of Law, p. 41.) Here the appellant staked out the town, built houses

and leased residence and business property with reference to its streets, and the persons occupying such property have established homes, built up trade within the town and acquired valuable rights. To destroy their only means of ingress and egress to and from the outside world, and to deprive them of the right to leave their homes and business places, and to prevent them from having access to the public places situated in the town, over its streets, would destroy the town and bring ruin to its inhabitants. All must concède this cannot legally be done; and the right to use the streets in the town is not confined alone to the inhabitants thereof, but extends to the general public.

In *Earll* v. *City of Chicago*, 136 Ill. 277, Mr. Justice BAKER, in discussing the rights of the public in a case similar in principle to the case at bar, on page 286 said: "Such right [the right to have the street remain open] is not a mere right that the purchaser may use that street, but is a right vesting in the purchasers that all persons may use it; that the sale and conveyance of lots according to the plat imply a grant or covenant to the purchasers of lots, and their grantees; that the public street indicated upon the plat shall be forever open to the use of the public as a public highway, free from all claim or interference of the proprietor, or those claiming under him, inconsistent with such use; and that the owner, and all claiming under him, will be perpetually estopped from denying the existence of the street."

The fact that the lots in question were described by metes and bounds, and leased only for a term of years instead of conveyed in fee, does not change the principle above announced.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*