## SCHOFIELD v. CITY OF TULSA.

No. 15366—Opinion Filed Sept. 8, 1925.

1. **Appeal and Error—Harmless Error—Instructions.**

An instruction on the measure of damages in the event the plaintiff prevails is immaterial where he does not prevail.

2. **Ejectment—Burden of Proof on Plaintiff.**

In an action brought by the plaintiff against the defendant for the recovery of the possession of certain land and damages for the use of the same while the defendant was in possession, the burden is upon the plaintiff to establish by a preponderance of the evidence the case set up in his petition.

3. **Appeal and Error—Harmless Error—Instructions.**

Where a verdict and judgment are authorized by the evidence and another would be unwarranted, the same will not be reversed on appeal on account of errors alleged to exist in the instructions given.

4. **Dedication—Dedication of Streets by Acquiescence and Public User.**

A street may be lawfully established by public user and recognition by the public authorities and acquiescence of the owner of the land over which it passes. No express words of dedication are necessary and consent may be inferred from acquiescence and user by the public, and user does not depend upon any fixed period of time.

5. **Appeal and Error—Sufficiency of Evidence—Conclusiveness of Verdict.**

Where the evidence introduced on the trial reasonably tends to support the verdict of the jury and the judgment of the court, this court will not disturb such verdict and judgment.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Tulsa County; Z. I. J. Holt, Judge.

Action by R. F. Schofield against City of Tulsa. From judgment in favor of defendant, plaintiff brings error. Affirmed.

J. J. Henderson, for plaintiff in error.

I. J. Underwood and Harry Halley, for defendant in error.

Opinion by PINKHAM, C. The plaintiff in error, as plaintiff, instituted this action against the city of Tulsa, alleging in his amended petition that on July 28, 1909, he procured title by warranty deed from the Tulsa Addition Company to certain lots described in his deed as "All of fractional lot 1, lots 2 and 8, and that part of lot 7 lying north and east of the creek, all in block 95 in original town of Tulsa, Okla., according to the city engineer's plat thereof, dated 1907"; that the city of Tulsa took possession of said premises under a purported deed of dedication, executed by plaintiff's grantor, and that the defendant has been in possession of said premises, using the same as a public highway or street ever since; that the defendant is now devoting the property to such public use without plaintiff's consent and without having acquired title thereto. Plaintiff prays that he have judgment for the sum of $20,000, the reasonable value of said premises.

To the amended petition of plaintiff, the defendant, city of Tulsa, filed its answer alleging that West First street, abutting the portions of lots mentioned in plaintiff's amended petition, was open and used for travel prior to and at the time plaintiff derived his title to the portions of said lots; that plaintiff bought a portion of said lots described in his petition, well knowing that said street was open and used as a public thoroughfare; that the grantors of said premises to plaintiff had suffered and allowed said street to be opened up and had caused the same to be dedicated as a public street by their acts and otherwise; that said street was constantly and habitually used as a street and the same was paved and sidewalks and street car tracks constructed thereon, and other public utilities used and occupied the street at the time and prior and subsequent to the time that plaintiff acquired title to a portion of the lots described in his petition; that plaintiff since he acquired the portions of said lots, which he does own, paid certain paving assessments thereon and has treated said street as a public street and has used the

same for his own benefit and has suffered the public to use said street for years without any objection; that the defendant acquired title to said street abutting the portions of lots owned by the plaintiff long prior to the time plaintiff purchased portions of the lots he now owns; that said street was acquired from the Tulsa Addition Company, and that a deed of ratification, dated October 6, 1910, is now on file in the office of the county clerk.

To the answer of defendant the plaintiff filed a reply denying the allegations of defendant's answer. Upon the issues thus framed the case was tried to a jury, and at the close of the evidence the jury returned a verdict in favor of the defendant city. Motion for a new trial was overruled, and the plaintiff has duly appealed to this court by petition in error and case-made attached.

The third assignment of error is as follows:

"The court erred in giving the following instructions to the jury."

The instructions referred to are numbered 6 and 8. No. 6 reads as follows:

"If you find for the plaintiff in this case, you will fix his damages at the market value, as shown from the testimony introduced in this cause, on the 18th day of October, 1910, not to exceed, however, the sum of $20,000, the amount sued for, with interest at 6 per cent. from said date."

The instruction complained of is an instruction on the measure of damages in the event the jury should find that the plaintiff was entitled to damages.

Counsel for plaintiff state in their brief that the trial court erred in giving this instruction wherein it instructed the jury that the time for fixing the measure of damages was October 18, 1910, the time the city procured its deed of dedication, and not the time of trial.

Assuming, without deciding, that the instruction in question is erroneous, in view of the fact that the jury found that the plaintiff was not entitled to any damages, the giving of an incorrect instruction as to the proper measure of damages is immaterial. Wertz v. Bernard, 32 Okla. 426, 122 Pac. 649; Howard v. Rose Township, 37 Okla. 153, 131 Pac. 683; Farmers Products & Supply Co. v. Bond, 61 Okla. 244, 161 Pac. 181.

Instruction No. 8, complained of, reads as follows:

"You are instructed that unless you find from the preponderance of the evidence that plaintiff acquired title to the property involved in this action; that is, that portion of lots 1 and 8 in block 95, which is now included in the extension of West First street in the city of Tulsa, Okla., then the plaintiff cannot recover and your verdict should be for the defendant."

This instruction is not, we think, subject to the criticism made against it. This being an action brought by the plaintiff against the defendant for the recovery of the possession of certain land and damages for the use of the same while the defendant was in possession, the burden was upon the plaintiff to establish by a preponderance of the evidence the case set up in his petition. Reynolds v. Clowdus, 4 Ind. Ter. 679, 76 S. W. 277.

In the case of Sutton v. Clark, 59 S. C. 440, 82 Am. St. Rep. 848, the following instruction was held proper:

"The law presumes that those in possession are rightfully in possession and he who claims that they are unlawfully in possession has to satisfy the jury by the preponderance of the evidence that he has a good title and a better title than the defendant. He is to recover by the strength of his own title."

In the case of Interstate Coal & Iron Co. v. Clintwood Coal & Timber Co., 105 Va. 574, 54 S. E. 593, the following instruction was upheld:

"The court instructs the jury that the plaintiff must show a legal title in itself and a present right of possession at the time of the commencement of this action before the defendants are called upon to show anything and the party in possession is presumed to be the owner until the contrary is proved."

Under plaintiff's 4th and 5th assignments of error it is contended that the trial court erred in not placing a construction upon the deed of conveyance to the plaintiff of the property in question and submitting the same to the jury; and that the court erred in submitting the question of construing said deed from the Tulsa Addition Company to the plaintiff conveying to plaintiff the property in question to the jury. The argument is that the construction of the deed was a question of law for the court and not for the jury, there being a question raised as to the meaning of just what property was conveyed by said deed. This contention cannot be sustained, in view of the fact that in the 3rd instruction the court told the jury that the plaintiff had introduced in evidence his warranty deed covering lots 1 and 8, which includes that por-

tion of West First street carved from lots 1 and 8, block 95, and that the same is prior in time to the execution of a subsequent deed, which had been exhibited in evidence by the defendant, both having been made by the same grantor. By this language of the court, a construction was placed upon the deed from the Tulsa Addition Company to the plaintiff, and it was one favorable to the plaintiff and in harmony with his theory. Instruction No. 3 clearly instructed the jury that all of lots 1 and 8 in block 95 were included in the deed from the Tulsa Addition Company to the plaintiff. We think it cannot be successfully contended that the court failed to place a construction upon the deed referred to.

Under the further instructions of the court the question was submitted to the jury whether or not the land in question had been dedicated as a public street by its owner prior to the execution of the deed to the plaintiff, and under such instructions the jury were entitled to consider and determine whether or not the land in question had been dedicated as a public street by its owners prior to the execution of the deed to the plaintiff.

Instruction No. 7, given by the court, is as follows:

"You are instructed that where a municipality is seeking to establish a public use and to take from another the possession of property and claiming by virtue of an alleged dedication of said property, that the burden of proof is upon the city to establish the dedication and the extent thereof, and unless you believe from the evidence in this case that the city of Tulsa has established by a preponderance of the evidence introduced in said issue that said West First street was dedicated as a public highway at the time of the purchase by the plaintiff herein, then you should find for the plaintiff."

It is apparent from an examination of all the instructions given by the court that the issues involved in this case were fairly submitted to the jury and the record discloses competent evidence to support the jury's verdict.

Many decisions of this court have announced the rule that where the verdict and judgment are authorized by the evidence and another would be unwarranted, the same will not be reversed on appeal, on account of errors alleged to exist in the instructions given. Shawnee National Bank v. Wootten & Potts, 24 Okla. 425, 103 Pac. 714.

It is finally contended that the verdict is wholly against the law and the evidence. The following are the facts disclosed by the record: In the year 1907, one Carl Magee was preparing to put on an addition to the city of Tulsa to be known as Owen addition. This addition was established by the Tulsa Addition Company, the stock of which company was owned almost entirely by Mr. Magee. The property which constitutes Owen addition lies northwest of the original town site of Tulsa. To go to and from the business section of the town of Tulsa, at that time, it was necessary to go in an indirect way. West First street in the city of Tulsa terminated at the west side of Frisco avenue. The property over which West First street would have to be extended to join with the streets of Owen addition belonged to one Josiah Coon. Coon owned at that time lots 1, 2, 3, and 8, and that part of lot 7 lying north of a certain creek, all in block 95, city of Tulsa. In order to acquire the land for the necessary extension of West First street, Mr. Magee purchased all of the property that was owned by Josiah Coon. He took a deed from Coon and his wife, conveying to him lots 1, 2, 3, and 8, and that part of lot 7 lying north of the aforesaid creek, all in block 95, on the 28th day of March, 1907, and almost immediately thereafter Mr. Magee opened up West First street across portions of lots 1 and 8 of block 95 for the use of the public. He moved a house and constructed a culvert so as to make the street passable and usable for traffic. Magee then obtained the right to cross the Frisco Railway Company's right of way, and thereby enabled the public to go west on First street over into Owen addition and into the country west. Since that time, early in 1907, West First street has been continuously used by the public without interference.

On the 20th day of February, 1909, the Tulsa Addition Company, to whom Magee had conveyed this identical property, made a contract with the plaintiff, Schofield, whereby it agreed to convey to him the following described property, to wit: "Fractional lot 1, lot 2, and that part of lots 7 and 8 lying north and east of the branch, all in block 95, original town of Tulsa, according to the city engineer's plat dated 1907." In compliance with this contract a warranty deed was executed by the Tulsa Addition Company to R. F. Schofield, plaintiff, on the 28th day of July, 1909, and it contained the same description as that set out in the contract.

West First street is an 80-foot street, as extended through lots 1 and 8, block 95, orig-

inal town site. By taking 80 feet off for the street of lot 1, there was left a small fractional piece of ground north of West First street, which the defendant city contends is that property which was referred to in the contract and deed as "fractional lot 1." West First street occupied all of the north part of lot 8 and left a more even lot, the exact dimensions being 50x140 feet. It further appears from the testimony of Mr. Magee that he made a dedication as soon as the surveyor drew the line, and delivered it to the city or to the city attorney in the year 1907.

The record shows that on the 9th day of March, 1910, the plaintiff conveyed all of that part of lot 1, block 95, lying north of First street, to one Chas. M. Adams. The description in that deed reads as follows:

"All that part of lot 1, block 95, lying north of First street and adjacent to the Frisco right of way in the original town of Tulsa."

—thereby recognizing First street as such by selling his property with reference thereto.

As to lot 8, block 95, after it had been made an even-sized lot and since the extension of West First street, it appears that it has always been designated as lot 8, block 95.

The evidence shows that the plaintiff has paid paving assessments for paving on that portion of West First street he seeks to recover in this action.

A careful examination of all the evidence disclosed by the record leads to this conclusion: That the owners of the property in question, in April, 1907, opened a public street through portions of lots 1 and 8 in block 95; that such street was an extension of West First street across the Frisco railroad tracks, through portions of said lots; that the extension of West First street was graded, a small bridge built thereon, and the street was used and recognized by the public generally and by the defendant city some two years prior to the time the plaintiff acquired his deed to all of fractional lot 1, lots 2 and 8, and part of lot 7, on the 28th day of July, 1909, and that it was the intention of the Tulsa Addition Company and Mr. Magee, its president, to convey to the plaintiff all the lots bought by Magee from Josiah Coon and wife, less what had been taken out for the street; that the plaintiff knew prior to the execution of his deed that West First street had been extended through lots 1 and 8 and that the street was being used for public travel, and

further that the plaintiff had been informed by the city authorities that the land embraced in this street had been dedicated as a street many months before he closed the negotiations with the Tulsa Addition Company for the purchase of the lots described in his deed of July, 1909.

It is the theory of the plaintiff that the portions of lots embraced in this street are property conveyed to him by the Tulsa Addition Company in 1909, and that as the dedication of the land to the defendant city as and for a public street was made subsequent to the plaintiff's deed, to wit, on October 18, 1910, that if the plaintiff acquired title to the parts of lots covered by the street, he has not been divested of that title and is entitled to judgment for his property and damages for the detention and to have ejectment unless the court finds he consented to the use of the street by the defendant by his acts and that in that event he would be entitled to recover the reasonable market value of his property so taken by the defendant city.

The case of St L. & S. F. Ry. Co. v. Mann, 79 Okla. 160, 192 Pac. 232, is cited as stating the rule that should be applied in this case. What the Mann Case, supra, decided is that:

"Where a public service corporation may acquire certain property by exercising its power of eminent domain, and enters into possession without exercising the power, and by appropriation and improvements makes the property a component part of its railroad or system, to the extent that the surrender of possession would interfere seriously with the interests of the company and the public, the landowner is confined to a suit for the value of the land, if it appears that he stood by and witnessed the appropriation and expenditure of money in making his property a component part of the company's system."

The case cited has no conceivable application. In that case there was no question as to who was the owner of the land taken by the railroad company.

We think plaintiff's theory ignores the fact that the decisive question in the instant case raised by the pleadings and the evidence is whether there was a dedication of the land in controversy by the owners to the city at the time of the execution of plaintiff's deed. That question of fact was properly submitted to the jury by the instructions of the court, and the verdict of the jury finding the issues in favor of defendant involved a finding that the street in question was dedicated by the owners of the land for a public street in 1907, and that

the plaintiff had actual knowledge of the fact that the street was open and used for public travel in 1907 and continuously thereafter.

The proposition of plaintiff is to the effect, as we understand it, that if the owner of the property, or the Tulsa Addition Company, dedicated or attempted to dedicate the lots in question as a street in 1907, the subsequent conveyance of the property by the Tulsa Addition Company in 1909 to the plaintiff operates as a revocation of the former dedication. A careful examination of the evidence and of the deed of 1909 to plaintiff convinces us that it was not the intention of the grantor to convey the portions of the lots embraced in the street, and in any event the owner would be precluded from revoking a dedication previously made, accepted by the city, and used by the public.

In Kee v. Satterfield, 46 Okla. 660, 149 Pac. 243, the court quotes with approval from Morgan v. Railway Co., 96 U. S. 716, 24 L. Ed. 743, as follows:

"All that is required (to make a valid dedication) is the assent of the owner and the use of the premises for the purposes intended by the appropriation. The law considers the owner's acts and declarations as in the nature of an estoppel in pais, and precludes him from revoking the dedication.

"The intention of the owner to set apart the lands for the use of the public is the foundation and right of every dedication and whenever this is unequivocally manifested, the dedication, so far as the owner of the soil is concerned, is complete. This intention is essential, whether an express or an implied dedication is relied on, and will govern in determining whether or not a dedication exists, whether the dedication is claimed by acts in pais, by conveyance of record, or by judicial proceeding." 8 R. C. L. 890.

In Angell on Highways (3rd Ed.) section 142, the author says, speaking on the subject of dedication of land to public use as a highway:

"No particular formality is required; it is not affected by the statute of frauds; it may be made either with or without writing, by any act of the owner, such as throwing open his land to the public travel, or platting it and selling lots bounded by streets designated in the plat, thereby indicating the clear intention to dedicate; or the acquiescence in the use of his land for a highway, or his declared assent to such use, will be sufficient; the dedication being proved in most, if not in all, cases by matter in pais, and not by deed. The vital principle of dedication is the intention to dedicate,

—the animus dedicandi; and whenever this is unequivocally manifested, the dedication, so far as the owner of the soil is concerned, has been made. Time, therefore, though often a very material ingredient in the evidence, is not an indispensable ingredient in the act of dedication."

A dedication of land for a highway may be effected by an intention to dedicate, followed by general public use without objection. Iowa Loan & Trust Co. v. Polk Co. (Iowa) 174 N. W. 97, 5 A. L. R. 1532.

In Hiner v. Jeanpert, 65 Ill. 428, the court said:

"A highway may be lawfully established by public user and recognition by the public authorities and acquiescence of the owner of the land over which it passes. No express words of dedication are necessary and consent may be inferred from acquiescence and user by the public; and user does not depend upon any fixed period of time."

Applying these principles to the instant case, we think the evidence establishes a dedication by the owners of the land in dispute to the public, to be used for the purposes of a street, in the year 1907.

We do not think it was the intention of the Tulsa Addition Company to revoke the prior dedication by its deed to the defendant on October 18, 1910, but rather that such deed of dedication was simply a ratification of the dedication previously made in 1907, the record showing that the city attorney of the defendant requested such action for the reason, it must be inferred, that the former deed of dedication could not be found.

In view of the conclusion which we have arrived at, we deem it unnecessary to consider the instructions requested by the plaintiff and refused by the court, further than to say that the instructions requested have been examined and were, we think, properly refused.

The evidence amply supports the verdict of the jury, and the judgment of the trial court, we think, should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 1043, § 3027. (2) 19 C. J. p. 1151, § 200. (3) 4 C. J. p. 1041, §3026. (4) 18 C. J. pp. 58, § 42, 78, § 73; 8 R. C. L. p. 890; 2 R. C. L. Supp. p. 675; 4 R. C. L. Supp. p. 579, 5 R. C. L. Supp. p. 488. (5) 4 C. J. p. 853 § 2834; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90, 5 R. C. L. Supp. p. 79.