(No. 18950.—)
BERTHA F. HOOPER *vs.* JOSEPH F. HAAS *et al.*—(THE VILLAGE OF RIVERSIDE, Appellant, *vs.* BERTHA F. HOOPER *et al.* Appellees.)

*Opinion filed October 25, 1928—Rehearing denied Dec. 15, 1928.*

562

S. ASHLEY GUTHRIE, Village Attorney, and TENNEY, HARDING, SHERMAN & ROGERS, for appellant.

HAROLD O. MULKS, for appellee Bertha F. Hooper.

Mr. JUSTICE STONE delivered the opinion of the court:

Bertha F. Hooper filed a petition to register certain real estate in the village of Riverside under the Torrens law. The village answered the petition, asserting that the lot in question had been dedicated as a street and accepted and improved by the village as such. The village also filed a cross-petition asking for a registrar's certificate to the effect that it held an easement for the uses and purposes of a street in the lot. The matter was referred to the examiner, who found that petitioner was entitled to register the land in her name and recommended that the cross-petition of the village be dismissed. The decree entered in the cause overrules the exceptions of the village to the examiner's report and directs the registrar of titles to issue a certificate of title, subject to certain taxes and "existing highway on said premises taken and used without consent of the owner by the village of Riverside." The village has appealed.

The lot involved in this lawsuit lies south of what is known as the Addison road. It fronts 30 feet on that road and has a depth of 160 feet. The east boundary of this lot is the east boundary line of the village. The lot is now occupied as a public street and State highway, of which it at that point comprises the west half. The street is known as Harlem avenue. Sewer and water pipes have been put into the street and a concrete pavement laid thereon. The pavement was constructed partly by the village and partly by the county under the State Aid Road act. James H. Hooper, the husband of Bertha F. Hooper, purchased this property at a sheriff's sale under a special execution issued on a judgment in favor of C. W. Clarke & Co., entered in the county court of Cook county upon an attachment suit against the interest in the property belonging to Charles S. Smith, the registered owner.

There is no dispute as to the facts. Charles S. Smith some time before the levy of the attachment writ attempted to dedicate the property to the public for use as a street. He made and delivered to the village of Riverside a plat of dedication. The plat was filed with the recorder of deeds and recorded there instead of being registered under the Torrens system, as required by the Torrens act. It is not contended that the plat was sufficient as a statutory dedication, but it is claimed by appellant that it was sufficient as a common law dedication and was acted on and accepted by the village prior to the issuance of the execution on the judgment against Smith. The decree found that the plat constituted an attempt by Smith to dedicate the property but that it was unregistered. The decree further found that the acts of the village with reference to acceptance of the street were not sufficient to show acceptance of a common law dedication prior to the registration of the levy on the judgment against Smith. The petition for registration prays that a decree be entered finding the title to be in the petitioner clear of all liens and incumbrances and that the registrar of titles be required to issue to her a certificate of title and a writ of assistance.

The following facts in their chronological order are of importance to a clear understanding of the issues involved: On September 10, 1915, a certificate of title to this property was issued to Charles S. Smith. On March 10, 1924, Smith executed a plat of dedication, describing the property and bearing the certificate of the surveyor and of Smith, in the latter of which it is stated that the survey and plat were made "for the purpose of dedicating the same to the public for street purposes provided Harlem avenue is paved to Ogden avenue during 1924 or 1925." The plat does not name the street to be dedicated. On September 8, 1924, the village passed an ordinance providing for the laying of water mains on Harlem avenue over the property in question and prepared and filed a plat showing

the location of these water mains over this property. At that time the village also filed a petition in the county court to levy an assessment to pay for the water mains. Notice of the pendency of this proceeding was given to interested property owners. This proceeding was pending from September, 1924, to February, 1925. On November 10, 1924, the plat made by Smith was formally approved by the board of trustees of the village. On that same day a resolution was passed by the board of local improvements providing for the pavement of Harlem avenue, extending over the property in question. On January 5, 1925, a resolution was passed by the board of local improvements of the village providing for the construction of a sewer on the premises in question. On February 2, 1925, an ordinance was passed providing for the paving of the street, including this property, and during that month a petition was filed by the village in the county court to levy an assessment to pay for this pavement. On February 2, 1925, an ordinance was passed by the board of trustees of the village for the construction of a sewer in Harlem avenue over this property. During the month of February, 1925, a petition was filed by the village in the county court to levy an assessment for the construction of the sewer. The plat in question was filed with the recorder of deeds on February 13, 1925. On March 21, 1925, the water main assessment was confirmed by the county court. On May 15, 1925, the paving assessment was confirmed by the county court. On that day a sheriff's certificate of levy on the writ of attachment in aid of the judgment against Smith was filed with the registrar. This levy was made on May 14, 1925. These facts are of importance on the issue whether there has been a common law dedication of this lot for street purposes and an acceptance thereof by the village prior to the issuance of a levy on the judgment against Smith.

Bertha F. Hooper (who will be referred to as appellee) contends that James H. Hooper, who purchased this prop-

erty at a judgment sale and from whom she has taken the same, had, when he purchased it, no notice, actual or constructive, of proceedings amounting to acceptance of the dedication. It is of some importance, therefore, to observe the occurrences with reference to this property subsequent to the time of the registration of the levy against the interest of Smith in the property and prior to the sale thereof.

On May 28, 1925, the sewer assessment was confirmed in the county court. In July and August of that year the sewer and water mains were laid across the property. On August 3, 1925, a transcript of the judgment against Smith for $379.85 was filed with the registrar. On August 4 the sheriff's certificate of levy of special execution on the property made on August 3, 1925, was filed with the registrar. On September 15, 1925, the property was sold to James H. Hooper, the sheriff's certificate reciting a consideration of $432.75. This certificate was filed with the registrar on September 18, 1925. During this time, and up to December, 1925, the property was graded as a street and the curb was laid. On December 16, 1926, the sheriff's deed was issued to appellee as assignee of the certificate of sale to Hooper. This deed was filed with the registrar on December 18, 1926. The examiner reported as his conclusions that the attempt to dedicate this land as a highway cannot be treated as an exception to the provisions of section 40 of the Land Titles act, and that therefore appellee was entitled to have the land registered in her name, free from any such attempted dedication.

Appellant contends that the attempted dedication operated by way of estoppel against the dedicator, and that Hooper, who was the purchaser of the property at a judgment sale, took only the interest of Smith, charged with whatever equities existed against him, and since the village had completed the acceptance of the common law dedication prior to the issuance of an execution on the judgment

against Smith, Hooper, as purchaser at the judgment sale, is bound by such acceptance on the part of the village.

The first question to be determined in the solution of the problems involved in this case is whether there was in fact and in law an acceptance of a deficient dedication for street purposes. The distinction existing between a statutory and a common law dedication is, that while the former is created by a particular form of instrument recorded, a common law dedication may be made by grant or other written instrument or may be evidenced by acts and declarations without writing. No particular form is required. Any act on the part of the dedicator from which an intention to dedicate may be gathered is sufficient to constitute a common law dedication. Such dedications have been established in every conceivable way by which the intention of the dedicator could be evinced. (*Alden Coal Co.* v. *Challis,* 200 Ill. 222; *Davidson* v. *Reed,* 111 id. 167; *Godfrey* v. *City of Alton,* 12 id. 29.) A common law dedication may be established by parol. *Moffett* v. *South Park Comrs.* 138 Ill. 620; *Kyle* v. *Town of Logan,* 87 id. 64; *McIntyre* v. *Storey,* 80 id. 127; *Warren* v. *Town of Jacksonville,* 15 id. 236.

It is not disputed in this case that Smith attempted to make a dedication of this lot for a street, nor is it argued by appellant that such attempt was effectual to establish a statutory dedication. It seems equally clear from the chronological statement of acts on the part of the village concerning this property, not only by resolution accepting the plat but by its acts in taking possession thereof, passing ordinances and filing petitions in court for pavement, sewer and water, all of which occurred before the levy of the execution against Smith, and the continued use of the lot for street purposes after the issuance of such levy, that the village accepted the dedication of this street and that a common law dedication was therefore complete. It must also be held that of such public acts on the part of the village

as the filing of the plat in the registrar's office, the filing of petitions in the county court for the paving of the street, construction of a sewer and laying of water mains, the purchaser at the judgment sale had at least constructive notice.

Appellee contends, however, that James H. Hooper, who purchased at the judgment sale, purchased the entire right of Smith in the premises as the same was shown by matters of record, and since the attempted dedication, and its acceptances, if there were such, did not appear as a matter of record in the registrar's office they in nowise affected the title, but that the purchaser at a judgment sale under the Torrens system is entitled to receive the title shown by the record in the registrar's office; that he is to be treated as a purchaser without notice. The lien of an ordinary judgment is general and extends only to the property right which the debtor owns in the premises, subject to the equities in it at the date of the judgment. It is limited to the actual interest of the judgment debtor. (*East St. Louis Lumber Co.* v. *Schnipper,* 310 Ill. 150; *Yarnell* v. *Brown,* 170 id. 362.) Unless the judgment creditor is able to point to some statute specifically giving him a right to a greater interest than that which the judgment debtor actually owns, he is limited to that right. Section 30 of the Conveyance act provides that deeds, mortgages and other instruments in writing which are authorized to be recorded, shall take effect and be in force from and after the time of filing the same for record, and not before, as to all creditors and subsequent purchasers without notice. By this section a judgment creditor is entitled to priority over the holder of an unrecorded conveyance. Section 30, however, is intended to apply only to such equities arising against the interest of the judgment debtor as are to be evidenced by instruments required to be recorded. Since no particular form is necessary for the establishment of a common law dedication, such a dedication may arise through circumstances, at least some of which are not susceptible of rec-

ord. It has been held that resulting trusts, which, like common law dedications, are not within the Statute of Frauds, are not within the provisions of section 30. In *East St. Louis Lumber Co.* v. *Schnipper, supra,* it was held the fact that a resulting trust had not been recorded was of no aid to the purchaser at a judgment sale who had been made defendant to a bill filed by the *cestui que trust* seeking to have the sheriff's deed set aside as a cloud on his title. The acts of Smith in attempting to dedicate this land amount to an estoppel *in pais* against any denial by him of such dedication. The public, as well as individuals, have a right to rely on the conduct of the owner as indicative of his intent. (*Alden Coal Co.* v. *Challis, supra;* Elliott on Roads and Streets,—2d ed.—sec. 124.) Smith being estopped, appellee, who does not take by warranty or in reliance on the certificate of the registrar but takes because of the circumstances of the debt, judgment, levy of execution and sale, takes only Smith's interest charged with the equities existing against Smith and is likewise estopped to deny the existence of the common law dedication.

Appellee contends that under section 40 of the Torrens act she is entitled to have this property registered free from the burden of an easement in the village for street purposes, but as Smith was estopped to deny the right of the village to register its common law dedication, appellee is in no better position.

Appellee also contends that since the attempted dedication was made on condition that Harlem avenue be paved in 1924 or 1925, and since it was not paved until 1926, the condition was not met and the attempted dedication was a nullity and could not be made valid by any acceptance on the part of the village. If from the nature of the act to be performed and the time required for its performance it is evident that the intention of the parties was that the estate should vest and the grantee perform the act or acts after taking possession, then the condition is a condition

subsequent. (*Phillips* v. *Gannon,* 246 Ill. 98.) The condition that the street be paved within a given time indicates clearly that the village was to take possession of the street, as it did, and the paving was to follow. It was a condition subsequent. This being so, forfeiture could be enforced against the village only by re-entry or some act equivalent thereto. (*Hart* v. *Lake,* 273 Ill. 60; *Golconda Northern Railway* v. *Gulf Lines Connecting Railroad,* 265 id. 194.) Nothing of the kind appears here. The record does not contain any evidence that Smith ever sought by re-entry or otherwise to revoke the attempted dedication. A court of equity will not lend its aid to enforce a forfeiture because of a breach of a condition subsequent. (*Patterson* v. *Vermilion Academy,* 312 Ill. 386; *Sanitary District* v. *Chicago Title and Trust Co.* 278 id. 529.) This contention of appellee is not valid.

Appellee by her deed took only the right and interest of Smith in the premises, subject to the easement of the village to use the property for street purposes, and the chancellor erred in ordering the registration of the land in appellee free from the rights of the village. Under the common law dedication the village was vested with the right of exclusive possession and control of the property in trust for the use of the public as a street. It could have maintained ejectment against a trespasser. *Village of Lee* v. *Harris,* 206 Ill. 428.

Section 7 of the Land Titles act (Cahill's Stat. 1927, chap. 30, par. 55,) provides that the owner of any estate or interest in land, whether legal or equitable, may apply to have his title registered in accordance with the provisions of the act, and it is urged by appellant that it was entitled, under its cross-petition, to a hearing on the facts set out in that petition, and if found to be true, to have its easement registered in the registrar's office. No reason appears why that conclusion does not follow the views herein expressed. The interest of the village is an interest in land,

and we are of the opinion that the cross-petition, under the showing made in this case, should have been allowed.

The decree is therefore reversed and the cause remanded, with directions to enter a decree granting the prayer of the cross-petition, registering the easement of the village of Riverside in the property to use the same as a street, and registering the deed of appellee subject to such easement.

*Reversed and remanded, with directions.*