### HEROLD et al. v. DOWELL.

No. 24245. March 19, 1935.

J. Wilford Hill and Guy B. Talbot, for plaintiffs in error.

Mauntel & Spellman and Ira A. Hill, for defendant in error.

PER CURIAM. This action is for damages sustained by defendant in error as a result of an obstruction of one of the streets of the town of Byron. The decisive question is whether the trial court committed reversible error in permitting the defendant in error to offer in evidence the record of the original plat of dedication of the town of Byron. The plat, or deed of dedication, was not properly executed. It is contended by plaintiffs in error the judgment of the trial court should be reversed for that reason.

There was sufficient proof that the street, which was obstructed, had been opened to travel and had been used as a public highway for several years. This was sufficient proof of dedication. There was no proof to the contrary.

A public street may be lawfully established by use and recognition by the public authorities and acquiescence of the owner of the land over which it passes. Schofield v. City of Tulsa, 111 Okla. 220, 239 P. 236; Kee v. Satterfield, 46 Okla. 660, 149 P. 243.

No particular formality is required to dedicate land for a public street. The dedication may be made, either with or without writing, by any act of the owner, such as throwing open his land to the public travel, or platting it and selling lots bounded by streets designated in the plat, thereby indicating his clear intention to dedicate. Angell on Highways (3d Ed.) sec. 142; Morgan v. Railway Company, 96 U. S. 716, 24 L. Ed. 743; Iowa Loan & Trust Co. (Iowa) 174 N. W. 97, 5 A. L. R. 1532; Hiner v. Jeanpert, 65 Ill. 428.

The judgment of the lower court is therefore affirmed.

The Supreme Court acknowledges the aid of Attorneys Thomas H. Owen, Leon S. Hirsch, and Edward Howell in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Owen and approved by Mr. Howell and Mr. Hirsch, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, PHELPS, and CORN, JJ., concur.