(No. 37483.—

IDA KEMPER *et al.,* Appellees, *vs.* JESSIE CAMPBELL, Appellant.—(JESSIE CAMPBELL ADAMS, Appellant, *vs.* HAROLD HIGGINS, Appellee.)

*Opinion filed March 22, 1963.*

KENNETH A. GREEN and THOMAS J. LOGUE, of Mattoon, for appellant.

HUGH HARWOOD, of Charleston, for appellees.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Ida Kemper and Jessie Taylor, the respective owners of properties on either side of a disputed strip of land, filed a complaint in the circuit court of Coles County for judgment declaring the land to be a street. The complaint further prayed that the defendant Jessie Campbell, now Jessie Campbell Adams, be restrained from preventing the plaintiffs and others from using it as a street. Thereafter Jessie Campbell Adams brought suit against one Harold Higgins, who was Ida Kemper's tenant, for trespass and damage to the premises in question. She further prayed that he be enjoined from coming upon the land.

The two cases were consolidated and tried before the court without a jury. The court found the area to be a public thoroughfare or street, and enjoined Jessie Campbell Adams from interfering with its use as such. She appeals direct to this court, a freehold being involved.

In the village of Janesville the main street runs east and west. The strip of land in dispute is 44 feet in width and runs north from the main street a distance of 132 feet. On the east side of the strip and facing the main street is the house owned by appellee Ida Kemper. It is occupied by the tenant Harold Higgins. On the west side of the strip is the house owned and occupied by appellee Jessie Taylor. It also faces the main street. The home of appellant Jessie Campbell Adams is situated at the north

end of the 44-foot strip, on a plot of land 167 feet by 168 feet. She claims ownership of the strip and insists that the appellees, in going upon it and parking their cars there, are trespassers.

It appears that prior to 1913 all of the lands involved here were owned by a common predecessor in title, one Barbara E. Barnett. On October 17, 1913, she conveyed a tract including what is now the appellant's home property by deed wherein the following reservation appeared: "commencing 143 feet from S.E. Corner of Lot No. 3 Block one extending east and west 44 feet and north and south 132 feet to be used for street." An accurate description of the piece in dispute here is as follows "commencing 143 feet east of the Southeast corner of Lot 3 Block 1 and extending east 44 feet, north 132 feet, west 44 feet and south 132 feet." A number of witnesses testified to use of the piece in question since 1913 as a public street and as a means of ingress and egress to and from the properties on either side as well as the one now occupied by appellant at the far end of the street. There is no conflict in the evidence as to the physical identity or location of the land allegedly intended as a street.

Appellant contends the language in the deed is ineffective as a dedication because it does not describe with sufficient precision the land intended to be dedicated. It is argued that the words "143 feet from the S.E. corner of Lot 3" say nothing about where the starting point is, since it could be in any direction from the corner, and that the phrases "east and west" and "north and south" are likewise indefinite since in either case there is nothing to tell in which of the two directions the line is to proceed. The conclusion is then urged that the sentence conveys no meaning, that there was no valid exception or reservation from the preceding conveyance, and that fee simple title to the strip is therefore vested in appellant by virtue of the deeds in evidence.

We cannot accept appellant's argument. When reference is made to preceding portions of the same deed it is seen that descriptions are stated to begin at the particular distances *east* of the southeast corner of lot 3, and proceed east, then north, then west and finally south. It is not unreasonable to suppose that a similar procedure was in mind when the present exception was added. The intent of the grantor with respect to identity is clear enough not only from the wording of the deed but from the fact that this was the piece in fact used as a street, and from other facts and circumstances in evidence. The Statute of Frauds does not apply to a common-law dedication of land to the public. Such a dedication may be made by grant or other written instrument, or it may be evidenced by acts and declarations without writing. (*McCue* v. *Berge,* 385 Ill. 292; *Alden Coal Co.* v. *Challis,* 200 Ill. 222.) In the case at bar the intention to dedicate is plainly expressed in the deed itself, where the words "to be used for street" appear. An acceptance of a dedication may be implied from user by the public for the purpose for which the dedication was made (*Alden Coal Co.* v. *Challis,* 200 Ill. 222), and the evidence in this case sufficiently shows such use for a period exceeding 45 years. The rule invoked by appellant that an occasional use is not sufficient finds no support in the evidence here and must be rejected.

No error has been shown, and the decree of the circuit court is therefore affirmed.

*Decree affirmed.*